[Sargeant *v.* Clark.] .

# Sargeant *versus* Clark.

An attorney-at-law may bind his client by an agreement, signed by him
without an express warrant of attorney, to submit the matters in dispute
in a pending action of ejectment (where the principal contention was
one of boundary and not title) to arbitrators, whose decision shall be
final, without right to writ of error.   In such case where, in pursuance
of the submission, judgment was entered on the award, a writ of error
taken to such judgment by the unsuccessful party will not lie.

February 3d, 1885.   Before MERCUR, C. J., PAXSON,
TRUNKEY, STERRETT, GREEN and CLARK, JJ., GORDON, J.,
absent.

ERROR to the Court of Common Pleas of *Crawford County:*
Of January Term, 1885, No. 89.

Ejectment, by Haniel Clark, Edwin P. Clark, and Henry A.
Drake against Wm. G. Sargeant, Thomas J. Shonts, Charles
Stewart, William Shonts, John Fetterman, and Samuel Gil
lett for a tract of land containing about forty acres.   After
the cause was on the trial list the following agreement of
reference was entered into by the parties or their attorneys.

For the purpose of an early settlement of the matter in the
above entitled case, and to save costs, it is agreed by and be-
tween the parties, plaintiffs and defendants, to submit the
same to the arbitrament of A. W. Mumford, George Long,
and F. R. Young, practical surveyors, who shall take the writ
in the case, such plots of the premises as may have been here-
tofore prepared by said surveyors, or either of them, and such
other plots or surveys of said premises and other lands in same
donation district· as they or either of them may desire, assem-
ble on the ground· or premises in controversy as soon as prac-
ticable after notice of this agreement, and within next thirty

[Sargeant v. Clark.]

days, be each duly sworn to perform the duties of this appointment with fidelity, and to the best of their skill and ability, call before them such witnesses as they may deem necessary for a proper determination of the matter in controversy, and make such additional examination and survey of the premises and adjacent lands in same donation district as they may deem necessary for their determination, and make their award in writing and attach to this agreement, to be returned to and filed in Court within five days after their completion of same. For the purposes of this suit it is agreed that the plaintiffs are the lawful owners of tract No. 129, and the defendants of tract No. 128, both in the seventh donation district. The award of the said arbitrators may be for all or so much of land in controversy as the said arbitrators may find to belong to plaintiffs, or for the defendants, as said arbitrators may determine. And upon filing of the award in Court, judgment shall be entered thereon by the prothonotary, with same force and effect as a verdict of a jury, but without right of appeal or writ of error by either party. The subject of mesne profits or of timber now or heretofore on the premises not to be considered by the arbitrators or affected by their award.

The costs of these proceedings, including the compensation of the surveyors as arbitrators, which it is agreed shall be five dollars each per diem for time necessarily spent by them in performing the duties of this appointment, as well as all other legal costs in the case, to follow the result of the case, and to be paid by the losing party within thirty days after filing of the award of the arbitrators. Counsel of neither of the parties to be present at the hearing before the arbitrators.

This agreement to be signed by the parties, plaintiff and defendant, so far as practicable, and by counsel for any of the absent parties. In case of the inability of either one of the arbitrators mentioned to attend, the other arbitrators may select another person in his place without reference to the parties in making such substitution.

HANIEL CLARK & CO.
EDWIN P. CLARK.
THOMAS SHONTS.
W. G. SARGEANT.

JOSHUA DOUGLASS, *Attorney for Plaintiffs.*
C. VAN HORNE, *Attorney for Defendants.*

*Meadville,* April 20th, 1883.

#### AWARD OF ARBITRATORS.

And now, June 27th, 1883, Aaron W. Mumford, George W. Long, and F. R. Young, arbitrators chosen in this case, having

met on ʳthe premises in controversy, and after having been duly sworn, and having heard the evidence and allegations of the parties, do award and find for the plaintiffs the land de-scribed in the writ.                    A. W. MUMFORD,
                    GEORGE W. LONG,
                    F. R. YOUNG,
                              *Arbitrators.*

Award filed and judgment entered June 29th, 1883.

The defendants afterwards filed exceptions to the award, which the Court (PEARSON, P. J.) dismissed. Defendant then moved to strike off the judgment entered on the award, which the Court refused to do. They then took this writ of error, assigning for error the action of the Court in approving the award, and refusing to strike off the said judgment.

*W. R. Bole* (*C. Van Horne* with him), for the plaintiff in error.—There is nothing to show under what Act of Assembly this submission, which was not made a rule of Court, was made, and no Act authorizes arbitration where the title to real estate is in dispute. The award was signed only by the attorneys of some of the parties, without a warrant of attorney authorizing them in that behalf, and such agreement is void under the Statute of Frauds, or by analogy thereto: Huston *v.* Mitchell, 14 S. & R., 307; Lewis *v.* Bradford, 10 Watts, 67; McDowell *v.* Simpson, 3 Id., 129; Dodds *v.* Dodds, 9 Pa. St., 315; Twp. of North Whitehall *v.* Keller, 4 Out., 105; Studebacker *v.* Moore, 3 Binn., 123.

*Joshua Douglass* (*J. B. Brawley* with him), for the de-fendants in error.—The Act of June 16th, 1836, under which this reference was had, expressly provides for arbitration "in *all cases* where the parties to *any suit,*" &c. Numerous cases may be cited of similar arbitrations in ejectment cases: Duer *v.* Boyd, 1 S. & R., 203; Okison *v.* Flickinger, 1 W. & S., 257; Massey *v.* Thomas, 6 Binn., 333; Kidd *v.* Emmett, 22 P. F. S., 150; Mackey's Heirs *v.* Adair, 3 Out., 143. An attorney-at-law having charge of a suit has full power to bind his client by an agreement of reference, whether in ejectment or in other forms of action: Somers *v.* Balabrega, 1 Dallas, 164; Hills et al. *v.* Ross, 3 Dallas, 331; Frazer *v.* Nicholls, 2 Yeates, 546; McCullough *v.* Guetner, 1 Binn., 214; Baring *v.* Ship-pen, 2 Id., 169; Lynch *v.* Barton & W., 16 S. & R., 368; Wil-son *v.* Young, 9 Barr, 101; Babb *v.* Stomberg, 2 Harris, 397; Holker *v.* Parker, 7 Cranch, 449.

The reference by its terms estops the parties from appeal or writ of error. This is a lawful stipulation: Cuncle *v.* Dripps, 3 P. & W., 291; Rogers *v.* Playford, 2 Jones, 181; Andrews

[County of Fayette v. Batton.]

*v.* Lee, 3 P. & W., 99 ; Bonniwell *v.* Hopson, 3 W. N. C., 492 ; Commonwealth *v.* Johnson, 6 Barr, 136 ; Bingham's Trustees *v.* Guthrie, 7 Harris, 418.

The opinion of the court was filed February 16th, 1885.

PER CURIAM. Although this action was ejectment in form, yet the agreement of submission shows that the contention was one of boundary, between the lands of the respective parties. The agreement declares that upon the award of the referees being filed in court, judgment shall be entered thereon by the prothonotary with the same force and effect as on the verdict of a jury; " but without right of appeal or writ of error by either party." Most of the parties personally signed the submission. The others were represented by their attorneys. The power of an attorney to bind his client by agreement of submission is well recognized : Bingham's Trustees *v.* Guthrie, 7 Harris, 418. A party may be concluded by an agreement not to appeal or take a writ of error : Shisler *v.* Keavy, 25 P. F. S., 79, and cases there cited. We see no error in permitting judgment to be entered on the award, and no reason for sustaining this writ of error.

Writ quashed.