[Nos. 8863 and 9022.    Department Two. — March 23, 1886.]

A. PFISTER ET AL., RESPONDENTS, v. HARRY WADE, RESPONDENT, AND JAMES JUDSON, APPELLANT.

PLEADINGS — COMPLAINT — SEVERAL CAUSES OF ACTION — GENERAL DEMURRER. — Where a complaint contains several counts, a general demurrer thereto on the ground that it fails to state facts sufficient to constitute a cause of action should be overruled, if any of the counts are sufficient.

ID. — INTERPLEADER — JOINDER OF DEFENDANTS — CAUSES OF ACTION. — On the 1st of January, 1878, one Trenouth, being the owner of certain wheat, then in the possession of the defendant Wade, and on the security of which he had borrowed money from Wade, sold the same to the plaintiffs, who, it was agreed by all the parties, should pay to Wade the amount due him out of the funds arising from the sale. After this agreement was made, Wade delivered the wheat to the plaintiffs. At the time of the sale, Trenouth was indebted to one Bliss, an original defendant, to whom he subsequently assigned his claim against the plaintiffs, of which fact they were notified. After the delivery of the wheat, Wade demanded payment from the plaintiffs of the indebtedness due him, to which they objected, on the ground that Bliss claimed the entire proceeds of the sale. The action was brought to compel the defendants to interplead, and for the court to determine their respective rights to the money. *Held*, that there was no misjoinder of parties defendant or of causes of action.

ID. — PARTY INTERPLEADED WHEN ENTITLED TO INTEREST. — At the time of the commencement of the action, the plaintiffs paid the money into court,

and a judgment was rendered in their favor, which was subsequently reversed on an appeal taken by Bliss, on account of the improper proceedings and defective pleadings of the plaintiffs. The defendant Wade was at all times ready and willing to receive his proportion of the money. *Held*, that he was entitled to interest on the proportion due him.

ID. — PARTNERSHIP — SUFFICIENCY OF ALLEGATION OF — DATE OF FORMATION — MOTION TO MAKE PLEADING MORE SPECIFIC. — The complaint alleged that the "plaintiffs, for several years last past, have been and now are copartners, doing business under the firm name and style of A. Pfister & Co." *Held*, that the copartnership was sufficiently averred, and that the defendants, if they desired a more specific allegation as to the time of its formation, should have raised the objection by a motion to make the complaint more specific.

ID. — CROSS-COMPLAINT — JUDGMENT ON PLEADINGS. — A defendant who has filed a cross-complaint is not entitled to judgment on the pleadings if the answer of the plaintiff states facts which are inconsistent with the allegations thereof, and which, if true, would defeat the right of the defendant to recover.

ID. — DEFENSE AND COUNTERCLAIM — PRESUMPTIVE DENIAL OF. — The allegations in a pleading by the defendants, of facts constituting a mere defense or counterclaim, are presumed to be denied, although the pleading is denominated by him a cross-complaint.

ID. — ORIGINAL COMPLAINT AS EVIDENCE — OFFER TO PAY MONEY INTO COURT. — The plaintiffs in their second amended complaint averred that they were and always had been ready and willing to pay over to the parties entitled thereto the money due upon the wheat, and offered to pay the money into court; and on the trial, for the purpose of showing their offer to fulfill the contract, introduced in evidence the original complaint containing such offer, and followed it by evidence that they had paid the money into court. *Held*, that the evidence was admissible.

JUDGMENT — REVERSAL OF — APPEAL — NEW TRIAL. — Where a judgment against two defendants is reversed on an appeal taken by one of them, and thereupon on his motion is vacated and set aside by the lower court, he cannot afterwards object to the right of the defendant who did not appeal to participate in the new trial.

ATTORNEY CANNOT CONFESS JUDGMENT. — An attorney, without the express consent of his client, has no authority to confess judgment against him.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order refusing a new trial.

The facts are stated in the opinion.

*M. Lynch*, and *Lloyd Baldwin*, for defendant Judson.

*Burt & Pfister*, for Plaintiffs.

*J. R. Lowe, John Reynolds*, and *C. D. Wright*, for defendant Wade.

SEARLS, C. — In September, 1874, one Trenouth began storing wheat with defendant Wade, and in March, 1875, had so stored 128,438 pounds.

Between September 19, 1874, and April 24, 1875, Trenouth borrowed from Wade, on the security of the wheat, several sums of money, which amounted in the aggregate, with the sum due for storage, to $1,950, exclusive of interest.

Upon the 1st of January, 1878, Trenouth sold the wheat to the plaintiffs, who, it was agreed by all the parties, should pay Wade the amount due him out of the funds arising from the sale of the wheat.

After this arrangement was made, Wade delivered the wheat to plaintiffs.

Trenouth was indebted to one Bliss, and on the tenth day of January, 1878, assigned to him his claim against plaintiffs arising out of the sale of the wheat, of which fact plaintiffs were notified.

On the 6th of January, 1878, the parties had met and agreed that there was then due to Wade $2,640, and it was estimated there would be a balance due to Trenouth of $200 to $300, which plaintiffs agreed to pay as soon as the wheat was all delivered and the transaction closed.

After delivering all of the wheat, Wade demanded payment from plaintiffs, to which they objected, on the ground that Bliss, the assignee of Trenouth, demanded the entire proceeds of the sale.

Wade threatened suit against plaintiffs, whereupon the latter filed a bill in the District Court and procured an injunction restraining both Wade and Bliss from suing them on the claim.

A decree was entered allowing the plaintiffs, Pfister & Co., to pay the money into court, and requiring Wade

and Bliss to interplead, and by an action between themselves determine their respective rights to the money.

Plaintiffs paid the amount, $2,889.88, into court, where it still remains.

Defendant Bliss appealed to this court, and the judgment of the court below was reversed. (56 Cal. 43.)

The cause again came up on appeal from an order denying a motion to dissolve the injunction, and is reported in 59 Cal. 273.

Prior to the last trial, the pleadings were amended, and a cross-complaint was filed by defendant Bliss, in which he sought to recover the full sum of $2,889.88, with interest thereon from January 1, 1878.

The cause came on for trial March 30, 1882, when, it appearing that defendant Bliss had assigned his interest in the subject-matter of the action to James Judson, the latter was on motion substituted as defendant in place of said Bliss.

The cause was tried by the court without a jury, and judgment entered in favor of defendant Wade · for $3,470.33, against the plaintiffs, and in favor of the defendant James Judson and against the plaintiffs for $269.27, etc.

Defendant Judson appeals from the judgment, and from an order denying a motion for a new trial.

The plaintiffs also appeal from the judgment, and by stipulation their appeal (No. 9022) is based upon the transcript in this case, and for convenience' sake we shall consider the appeals together.

The second amended complaint consisted of four several counts. A demurrer was interposed to the whole, and as some of the counts were unquestionably sufficient, the demurrer was properly overruled, so far as the general objection, that it did not state facts sufficient to constitute a cause of action, was concerned.

There was not a misjoinder of parties defendant or of causes of action. The whole transaction grew out of a

state of things in which both the parties defendant were directly interested and related to a sum of money claimed by both.

The complaint averred that said plaintiffs, for several years last past, have been and are now copartners, doing business under the firm name and style of A. Pfister & Co., etc.    This was sufficient as an averment of copartnership.

If not sufficiently specific as to the time of its formation, the court would doubtless on motion have required the proper date to be inserted.

A complaint may well contain all the essential averments to a good pleading, and yet state them in a form too general to enable the defendant to meet them by a specific technical defense.

Such an objection should be met, not by a demurrer, but by a motion to make the pleading more specific.

Had the demurrer been improperly overruled for this cause, the error would have been cured by the cross-complaint of defendant, which sets out the partnership of plaintiffs.

There was no error in overruling the demurrer.

The motion of the defendant for judgment on the pleadings was properly overruled for two reasons:—

1. The answer of plaintiffs to the cross-complaint of Bliss in effect denies the allegations, or what is the same thing, states other facts inconsistent therewith, and which, if true, would defeat defendant's right to recover on his cross-complaint.

2. While the pleading of defendant Bliss is denominated an "answer, counterclaim, and cross-complaint," yet most of its allegations are, properly speaking, of a character to be treated as constituting a defense or counterclaim, and as such are to be taken as denied.

Objection was made at the trial to the testimony of defendant Wade, upon the ground that he was not a party to the suit, and therefore his testimony was irrelevant and immaterial to any issue before the court.

Wade was a party to the transaction and to the suit, and was called by plaintiffs as a witness to prove, and did testify to, matters of vital importance in the determination of the case.

The contract for the sale of the wheat to plaintiffs by Trenouth was in writing, dated December 31, 1877.

The agreement of plaintiffs to recognize the lien of Wade on the wheat and to pay the amount due him, and to which Trenouth assented, was an entirely different contract, made between different parties, at a different time, and in relation to a different matter. It was a verbal agreement, and the testimony in relation to it was properly admitted.

Plaintiffs' exhibit B was not, as was said by the court, a contract, but a memorandum or receipt, showing the quantity of wheat delivered.

Plaintiffs in their second amended complaint averred that they were and always had been ready and willing to pay over to the parties entitled thereto the amount due upon the wheat, and offered to pay the money into court.

At the trial, plaintiffs, for the purpose of showing their offer to fulfill the contract, by paying the money into court, offered in evidence the original complaint, filed January 25, 1878, which contained such offer, and which for that purpose was admitted.

There can be no question but that an amended complaint takes the place of the original, and that when filed the original ceases to perform any further functions as a pleading. (*Barber* v. *Reynolds*, 33 Cal. 497; *Kelly* v. *McKibben*, 54 Cal. 192.)

And although a party is bound by the admissions in his pleadings, yet it is only by the admissions in the pleadings upon which he goes to trial, and not by those in pleadings which have been superseded, that he is bound. (*Mecham* v. *McKay*, 37 Cal. 154; *Ponce* v. *McElvy*, 51 Cal. 222; *Kentfield* v. *Hayes*, 57 Cal. 409.)

It would work rank injustice to hold a party bound by statements or admissions in a pleading, which had been amended, for the very reason that they were inserted by inadvertence or mistake, and yet the rule which would admit it in evidence would have just this effect.

To permit it to be introduced generally as evidence in favor of the party by whom it was filed, would be to permit a party to manufacture testimony in his own behalf.

While the general rule excludes all pleadings which have been superseded by others, it does not follow that an original pleading thus superseded may not be admissible in evidence in support of some independent fact connected with the case.

Whenever the date at which a pleading was filed becomes important, it may be introduced as evidence of that fact, although a later pleading has taken its place.

So, too, if a pleading contains a copy of an instrument, the original of which is afterward lost, the fact that it is embodied in a pleading, and the further fact that such pleading has been superseded by another, does not prevent the copy from being introduced in evidence upon proof of its authenticity, just as though it was a separate instrument.

In other words, it is in a proper case admissible in evidence, not because it is found in the pleading, but as a fact proper to be admitted.

In the present case, had the plaintiffs served a written notice of their offer to pay the money into court, upon defendant Bliss, the notice would have been proper evidence, and the circumstance of the offer having been contained in a pleading did not alter its admissibility.

This was followed by proof that the money was actually paid into court, and that it still remains there, subject to the final disposition of the case. Under the pleading we are of opinion all this evidence was proper.

It is contended by appellant, Judson, that as Wade

never appealed from the original judgment entered in this cause, the reversal thereof did not apply to him, and, as a consequence, that he had no right to participate in the last trial.

The answer to the position is, that this court reversed the judgment of the court below, and that thereupon, on motion of counsel for Bliss, the assignor of Judson, the judgment in the court below was *vacated and set aside*.

This action having been brought about by the action of defendant Bliss, he and his assignee are not in a position to question its regularity.

The judgment by confession in favor of Wade and against Trenouth was entered without the direction, knowledge, or consent of Wade. The fact that Wright was the attorney of Wade in this cause did not authorize him to act on behalf of the latter and consent to a judgment by confession in that case.

We do not understand that the motive of the attorney is impugned. He doubtless acted with a good intent, and, as he supposed, in the interest of his client, but as he was not authorized so to do, and as the client is not shown to have ratified his acts, they cannot be upheld.

The findings seem responsive to and cover all the material issues made by the pleadings, and are supported by the evidence.

We deem it unnecessary to discuss minutely all of the minor objections presented by the record, as they present no errors calling for a reversal of the case, and we are of opinion defendant Judson obtained judgment for all that to which he was entitled, and that the judgment and order appealed from should be affirmed.

The only question presented upon the appeal of plaintiffs in the same cause (No. 9022) not hereinbefore considered, is founded upon the fact that there was due from them at the date of suit brought the sum of $2,889.85 on account of the wheat purchased, which they paid into court.

Of this sum, $2,620.50 was due Wade, and the balance of $269.35 was payable to Bliss, or his assignee, Judson.

The court finds that the plaintiffs were at all times ready and willing to pay this sum to Bliss, but that he refused to receive it, and therefore very properly refused to add interest to his judgment.

The court, however, rendered judgment in favor of Wade for the amount due him in January, 1878, with interest and costs.

The contention of plaintiffs is, that this was error, that the fund by them paid into court should have been distributed to the parties entitled thereto in the proper proportions, and that to extend their liability beyond the actual amount due from them was error.

Had the theory upon which plaintiffs brought their action been sustained, the result they claim would have followed.

This court, however, held their pleading insufficient to support that theory, and it was only upon the amendment of their pleading and the filing of an answer, counterclaim, and cross-complaint by the defendant Bliss that the character of the action was so far changed that a final disposition of the whole matter could be had in this cause.

Defendant Wade was always ready and willing to receive what was confessedly due him. That he was delayed in receiving it was no fault of his, and if a burden is to be borne by the accumulation of interest, it is more in consonance with law and equity that plaintiffs, who, by their improper or defective proceedings, caused the delay, should bear the burden occasioned thereby, than that defendant Wade, who was in no wise in fault, should bear it.

We think, under the circumstances, the judgment in favor of Wade and Judson was proper as rendered, and that it should be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgments and order are affirmed.