83  215<br>105  197

In the Matter of the Will of RALPH HEATH, Deceased; D. M. M. SINO, Appellant.

Attorney and Client: AUTHORITY TO WAIVE APPEAL. Where in a proceeding for the probate of a will, such instrument was, upon a trial to a jury, declared to be invalid because of the mental incapacity of the testator, and because of the execution thereof under undue influence, and the attorney for the proponent, pending a motion for a new trial, in the belief that said motion would not be sustained, and

that no relief could be obtained by an appeal to the supreme court, and after the proponent had told him that she could not raise the money necessary for an appeal, entered into an agreement with the attorneys for the contestants, whereby the motion for a new trial was to be withdrawn, all exceptions and the right of appeal were to be waived by the preponent, and her motion for the allowance of an attorney's fee and costs was to be sustained, *held*, that the agreement was one within the scope of the authority of the attorney to make, and the latter having acted in good faith the judgment entered in pursuance thereof would not be vacated upon the ground that said agreement was made without the consent of the proponent, and that her ignorance of the English language prevented her from properly watching the conduct of her case, and from understanding the suggestions of her attorney.

*Appeal from Scott District Court.*—Hon. W. F. Brannan, Judge.

Tuesday, June 2, 1891.

This is a proceeding for the probate of an alleged will of Ralph Heath, deceased. The probate was proposed by the sole beneficiary and executrix therein named, Mrs. D. M. M. Sino, and was contested by certain heirs of the decedent. There was a trial by jury, and a verdict and judgment in favor of the contestants. The proponent appeals.—*Affirmed.*

*Sharon & Ryan* and *McEniry & McEniry*, for appellant.

*Heinz & Hirschl* and *Davison & Lane*, for appellees.

Robinson, J.—The instrument in question was contested on the ground that the decedent was mentally incompetent to make it, and on the further ground that it was executed in consequence of undue influence exerted upon the decedent by the proponent, and other persons confederated with her. On the trial in the district court George Hubbell acted as attorney for the proponent. After the verdict was returned, Hubbell

prepared and filed for his client a motion for a new trial. Before that motion was presented to the court for a ruling, he filed a motion for the allowance in favor of proponent of an attorney's fee of one hundred and fifty dollars and costs, to be made a charge upon the estate of the decedent. An agreement was thereupon made between Hubbell and the attorneys for the contestants, by which the motion for a new trial was to be withdrawn, exceptions and the right of appeal were to be waived by the proponent, and her motion for the allowance of an attorney's fee and costs was to be sustained. That arrangement was carried into effect, and judgment was rendered in favor of the proponent for the fees and costs named, and in favor of the contestants as to the validity of the will. No exceptions were taken by either party. The agreement specified was made and the judgments were rendered on the ninth day of October, 1889. On the twelfth day of the next month, and during the same term of court, the proponent filed in the district court an application to have the judgment set aside, and for a ruling on the motion for a new trial on the grounds stated, as follows:

"*First*, that proponent never consented to a withdrawal of her motion for a new trial; *second*, that said motion was withdrawn without her understanding the effect of the same, or consenting thereto; *third*, that she never consented to the entry of judgment on the verdict of the jury, on the payment of her costs and attorney's fees; *fourth*, that she never consented to any action that would bar her rights to prosecute in any court the proving of said will; *fifth*, that the grounds of the motion for a new trial were and are deemed good in law and justice by her; *sixth*, that proponent's ignorance of the English language has debarred her from properly watching and protecting her rights in conducting her cause, and understanding the suggestions of her

counsel, if such are made; *seventh*, that proponent has
discovered material evidence that she can obtain on a
retrial of said cause, and which was not offered and
could not be obtained on a former trial."

The application was supported by affidavits and
resisted by counter-affidavits, and was overruled.

It is contended by the appellant that Hubbell had
no authority to withdraw her motion for a new trial,
and waive her right of appeal. She made an affidavit
in support of her application to have set aside the judg-
ment, in which she states, in substance, that she does
not understand the English language well, and that
Hubbell used no other; that he at all times informed
her that she had a meritorious case, and that the will
was valid; that, after the verdict was returned, she
talked with the partner of Hubbell, and was assured
by him that an appeal to this court would be taken;
that she afterwards saw Hubbell, who asked her if she
had two hundred dollars with which to take an appeal;
that she did not have the money, and was told by
Hubbell that nothing could be done; that she was
never consulted as to the advisability of dropping the
case, nor about filing a motion for attorney's fees and
costs; and never released her attorney from his duty to
protect her rights. Other affidavits filed in support of
the application relate to evidence alleged to be newly
discovered, and to the probable result of another trial.
It is sufficient to say of these that they show no dili-
gence to obtain the evidence to which they refer, and
we do not understand that anything is claimed for
them in this court. In resistance of the application,
the affidavits of Hubbell and of an attorney for con-
testants were filed. They show that Hubbell became
satisfied that the motion for a new trial would not be
sustained, and that no relief could be obtained by
appealing to this court; that he had an interview with
the proponent, in which he told her that no question

of law was involved in the case, and the questions of fact had been determined against her by the jury; that it seemed to him useless to prosecute the matter further, but that he would do so if she desired it; that it would probably cost her two hundred dollars to carry the case to this court, but she told him she could not raise the money; that after reflection he adopted the plan which was carried out as a proper thing to do; that it was agreed to by the attorney for contestants as a means of securing an early settlement of the estate of the decedent, and as being desirable for his client on that account, and to save the expenses of protracted litigation. An attorney has power "to bind his client to any agreement in respect to any proceeding within the scope of his proper duties and powers." Code, sec. 213, subd. 2. It is his duty to act with the utmost good faith to his client, but it is not his duty to prosecute a case he believes to be hopeless, when his client does not require it. A reading of the entire record impresses us with the belief that the agreement in question was made by the attorneys of the parties in the utmost good faith, and in the belief that the best interests of their respective clients would be promoted thereby. Mr. Hubbell believed that his client had been wronged by the verdict, but he also believed that the wrong could not be remedied. He was informed by his client that she could not furnish the money required for an appeal. He may have erred in thinking that the district court would overrule the motion for a new trial, but he appears to have acted in good faith, and with reasonable ground for believing that what he did was for the best interests of his client. We think he was authorized to so act. *Bray v. Doheny*, 39 Minn. 355; 40 N. W. Rep. 262; *Pike v. Emerson*, 5 N. H. 393; *Bonney v. Morrill*, 57 Me. 372; *McLeran v. McNamara*, 55 Cal. 508.

It is claimed that the rule contended for by the

appellant finds support in *Ohlquest v. Farwell*, 71 Iowa, 233. It was said in that case that "an attorney cannot consent to a judgment against his client, or waive any cause of action or defense in the case; neither can he settle or compromise it without special authority." But in this case the attorney did not consent to a judgment, and authority to effect the settlement he made may be fairly inferred from the conversation of the parties and the circumstances of the case. It is true the settlement was not specially authorized, but the situation and prospects of the case were explained to the proponent, and from what was said the attorney was justified in believing that an appeal could not be taken, and that it, was his duty to secure the most favorable terms he could for his client. It will not do to hold that an attorney has no power not specifically conferred by statute or by the terms of his engagement. It frequently happens that it is proper, and for the interest of his client, to make concessions, admissions, and even agreements which may, when considered alone, seem to be against his client's interest. Whether he has exceeded his authority in so acting will depend upon all the facts of the case. He will not be permitted to barter the interests of his client for his own benefit, nor to act in collusion with the adverse party, but it is necessary for the due administration of justice that his power be somewhat liberally construed. In our opinion, there was no sufficient ground for the application of the proponent to vacate the judgment, and it was properly denied. AFFIRMED.