Gildersleeve, J.
This action, to recover commissions earned by the plaintiff’s assignor in the capacity of selling agent for the defendants, after being at issue nearly three years, was, under a stipulation, sent to a referee to hear and determine. The stipulation is as follows : “ The issue in the above-entitled action having been set down for trial this 16th day of October, 1898, and the case having been called and marked ready, it is hereby stipulated and agreed by and between the .parties to this action and their respective attorneys that the issues in the above-entitled action be, and the same hereby are, referred for determination to the Hon. William S. Keiley, as referee, the said reference to proceed without delay, and to continue thereafter without reasonable adjournment, as hereinafter specified. And it is further stipulated and agreed that neither party hereto will appeal from the judgment to be entered on the report of the referee, or make any motion in arrest or stay of the said judgment, or of the execution to be issued thereon, or appeal from any order denying any motion that may be made by the defeated or aggrieved party for a new trial, the *632 object of this stipulation being to bring this litigation to a speedy and final determination.
Dated New York, October 16th, 1893.
David Leventritt,
Attorney for plaintiff.
Durnin & Hendrick, Attorneys for defendants.”
The trial proceeded before the referee about as usual in such cases, and in a reasonablé time the case was submitted, the report of the referee filed, and judgment duly entered in favor of the plaintiff. The defendants, by an order to show cause, moved at. special term to set aside the stipulation, and for a new trial on the ground of newly discovered evidence, or for an opening of the reference and a re-hearing. This appeal is from the order of the-special term denying thehe requests. The main argument of the-learned counsel for the appellants is an attack upon the stipulation. Defendant Barnes swears that the stipulation was made without the knowledge or consent of either of the defendants. - It is urged by appellants that the stipulation deprives the defendants of a substantial right, to wit: the right of appeal, and for this reason cannot be entered, into by an attorney without the prior consent of his clients. It must be observed that the time to appeal elapsed before the motions under consideration were made. Should the stipulation be set aside, it is beyond the power of the cóurt to restore the right to appeal. But we deem it proper; to add that, in our opinion, the stipulation was a reasonable and proper one under the circumstances and should be enforced. Parties, by their stipulations, may in many ways make law for any legal proceeding to which they are parties, which not only binds them, but which the court, are bound to enforce. They may stipulate away statutory and even constitutional rights. They may stipulate that the decision of a court shall be final, and thus waive the right of appeal; and all such stipulations not unreasonable, not against good morals or sound public policy, have been and will be enforced, and generally, all stipulations made by the parties for the government of their conduct or the control of their rights in the trial of a cause or the conduct of a litigation are enforced by the courts. In the Matter of N. Y., Lackawana & W. R. R. Co., 98 N. Y. 447. See, also, People v. Stephens, 52 N. Y. 310; Townsend v. Masterson Stone Dressing Co., 15 id. 587; Hong Kong & Shanghai Banking Corporation v. Cooper, 114 id. 388; 23 St. Rep. 787; Riggs v. Commercial Mut. Ins. Co., 125 N. Y. 7; 34 St. Rep. 465; Staples v. Parker, 41 Barb. 648 ; Cox v. N. Y.C. & H. R. R. R. Co., 63 N. Y. 414; McGuire v.Id., 6 Daly, 70; Ballou v. Parsons, 55 N. Y. 673. Even assuming that the stipulation was made without the knowledge or consent of either of the defendants, we are inclined to think that thé attorneys had power to enter into the stipulation without special authority, and that the defendants are bound by the act of their attorney. It is a general rule that proceedings regularly had by attorneys, lawfully appearing for the respective parties, cannot, in the absence-of fraud, be questioned by their clients because of the want of *633 specific authority to do the acts done or consented to by them. Palen v. Starr, 7 Hunr. 422. The stipulation was proposed by the defendants’ attorney and" by it the defendants secured the benefit of an adjournment, the waiver of a jury trial and the appointment of a referee named by them. As a condition of granting the favor, both parties, by their attorneys united in a stipulation not to appeal. The plaintiff was justified in assuming the authority of the defendants’ attorney to make the stipulation, and in consideration thereof waived a default and an inquest The court of appeals in Cox v. N. Y. C. & H. R. R. R. Co., 63 N. Y. 414, held that the attorney for a defendant might stipulate that the action should not abate on the death of the plaintiff, in order to secure an adjournment of the trial, without special authority from the defendant. The court said: “It pertains to the procedure in the action; and it is a just implication that the authority of the attorney extends to the management of the cause in all the exigencies which arise during its progress. The attorney cannot compromise the claim of his client, or release the cause of action, or satisfy a judgment in his clients’ favor without payment, in the absence of special authority. There is no implication of an authority to do acts of this character from his appointment as attorney in the case; and a party dealing with him is bound to take notice that they are not within the scope of his authority. But in matters relating to the conduct of the cause, liis authority is very broad.” Denton v. Noyes, 6 Johns. 295; Gaillard v. Smart, 6 Cow. 385; Gorham v. Gale, 7 id. 739; Corning v. Southland, 8 Hill, 552; Gainsford v. Grausnar, 2 Camp. 9.
But aside from this consideration, we are of the opinion that the evidence fairly shows that the stipulation was fully assented to, in the course of its execution, by the defendants, and they ratified it, and are estopped from questioning its binding force. Since we reach the conclusion that the stipulation must stand, the appeal from so much of the order as denies the motion for a new trial must be dismissed. The terms of the stipulation preclude the appeal. • The motion" for a new trial on the ground of newly discovered evidence is without merit. The most that can be said on this branch of the case is that the appellants’ insistance th.at their own counsel did not present their case fully and with the ability the situation demanded, should not be permitted to work a disadvantage to the plaintiff and cause him to surrender rights lawfully acquired under the stipulation.
This grievance the defendants must settle with their former counsel, who conducted the trial. Ho fraud or collusion is charged. The stipulation was fully executed and performed. Ho sufficient reason appears for setting aside or interfering with the proceedings had, and the defendants, though disappointed, should accept the result and pay the judgment.
Order affirmed, with ten dollars costs and disbursements.