October 2, 1896.) Action by Stephen Kauffman against the Hudson River Bridge Company. No opinion. Judgment and order affirmed, with costs. All concur.

KING, Appellant, v. HOLLAND TRUST CO. et al, Respondents. (Supreme Court, Appellate Division, Third Department. September 29, 1896.) Action by Barrington King, as receiver, etc., of Samuel Schuyler, against the Holland Trust Company and others. No opinion. Motion denied, with $10 costs. See 40 N. Y. Supp. 480.

In re KINGS, Q. & S. R. CO. (Supreme Court, Appellate Division, Second Department. October 13, 1896.) In the matter of the application of the Kings, Queens & Suffolk Railroad Company. No opinion. Motion to resettle the order denied, without costs. See 39 N. Y. Supp. 1004.

KIRBY, Appellant, v. CARROLL, Respondent. (Supreme Court, Appellate Division, Second Department. December 8, 1896.) Action by Joseph C. Kirby, as sole surviving partner of the late firm of Kirby & McBride, against Patrick Carroll. No opinion. Judgment and order affirmed, with costs. All concur.

KOHBERGER, Appellant, v. COUGHLIN et al., Respondents. (Supreme Court, Appellate Division, Second Department. October 6, 1896.) Action by Catharine Kohberger against Catharine Coughlin and John F. Coughlin. No opinion. Judgment affirmed, with costs. All concur.

LAGACE, Respondent, v. TROY WASTE MANUF'G CO., Appellant. (Supreme Court, Appellate Division, Third Department. December 2, 1896.) Action by Joseph Lagace, by guardian, against the Troy Waste Manufacturing Company. No opinion. Judgment and order affirmed, with costs. All concur, except PARKER, P. J., and PUTNAM, J.

LAMPMAN, Respondent, v. MARVIN, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 16, 1896.) Action by James H. Lampman against George Marvin. No opinion. Order affirmed, with $10 costs and disbursements. All concur.

LANT v. RASINES et al. (Supreme Court, Appellate Term, First Department. November 6, 1896.) Action by Frank P. Lant against Antonio Rasines and others. Second motion by defendants to resettle order reversing an affirmance by the city court, general term, of a judgment of that court. See 38 N. Y. Supp. 975, and 40 N. Y. Supp. 64. Alexander & Ash, for appellants. Geo. W. Sandford, for respondent.

PER CURIAM. By the order entered by the plaintiff (respondent) May 27, 1896, the judgment appealed from was reversed, and a new trial ordered, with costs "to the appellant" to abide the event. The defendants (appellants) thereupon moved to resettle the order by making it read as follows: "Ordered, that the said judgment of affirmance [of the city court] be, and the same hereby is, reversed, and a new trial ordered, with costs of this court and the court below to abide the event." The plaintiff (respondent) consented to the granting of the motion, and a new order in accordance with the application and consent was accordingly made on June 6, 1896. The new trial has been had in the city court, and there is again a verdict for the plaintiff. The defendants find that the amended order of reversal which they induced the court to enter is not as favorable to them, in view of the result of the new trial, as the original order would have been, and they now move to again resettle it by restoring it to its original form, with costs "to the appellant" to abide the event. The defendants (appellants), having, by their own voluntary act, induced the plaintiff (respondent) to consent to change the order by adopting their own phraseology, are not in a position to require the court to nullify such act and consent by a third order restoring the one originally made. Not only is the defendants' present application of too irregular a character to merit approval, but the first amendment obtained upon the consent of the plaintiff made the second order one essentially by consent, and in the nature of a stipulation binding on the parties to it. In re New York, L. & W. R. Co., 98 N. Y., at page 453; Smith v Barnes, 9 Misc. Rep. 368, 29 N. Y. Supp. 692. To relieve from such a stipulation would be to invite a repetition of the practice attempted. The application must be denied, but without costs.

In re LAUDY. (Supreme Court, Appellate Division, First Department. June, 1896.) In the matter of Kate Laudy, deceased. No opinion. Application dismissed. The application should be made at special term.

LAUER, Appellant, v. LAUER, Respondent. (Supreme Court, Appellate Division, Second Department. October 13, 1896.) Action by Fred Lauer against Jacob Lauer. No opinion. Motion to dismiss appeal denied, with $10 costs.

LAUER, Appellant, v. LAUER, Respondent. (Supreme Court, Appellate Division, Second Department. December 1, 1896.) Action by Fred Lauer against Jacob Lauer. No opinion. Decree of the surrogate affirmed, with costs against the appellant. All concur.

LAWSON, Respondent, v. LAWSON, Appellant. (Supreme Court, Appellate Division, Fourth Department. April, 1896.) Action by Frederick Lawson against Catherine Lawson. No opinion. Judgment and order affirmed, with costs.

LAZARUS et al. v. METROPOLITAN EL. RY. CO. (Supreme Court, Appellate Division, First Department. October 23, 1896.) Action by Sarah Lazarus and others against the Metropolitan Elevated Railway Company. No opinion. Motion granted; the case to be reargued before the court as constituted on the former argument. See 39 N. Y. Supp. 294.