[No. 6486. Decided October 17, 1906.]

ARTHUR D. JONES & COMPANY, *Respondent*, v. SPOKANE VALLEY LAND & WATER COMPANY, *Appellant*.[1]

APPEAL—DISMISSAL—STIPULATION AS TO TIME FOR PERFECTING APPEAL. An appeal will, on motion, be dismissed where the same was not perfected within the time specified by a stipulation entered into before trial, wherein it was agreed that any appeal should be taken in time for assignment on the calendar of a certain term, and should be dismissed if the appellant fail so to do (FULLERTON, J., dissenting).

Motion to dismiss an appeal from a judgment of the superior court for Spokane county, Kennan, J., entered July 6, 1906. Granted.

*Happy & Hindman*, and *Allen & Allen*, for appellant.

*Gallagher & Thayer*, for respondent.

MOUNT, C. J.—The respondent moves to dismiss the appeal in this case upon the ground that the appellant has failed to perfect the appeal so that the same might be assigned for hearing upon the October, 1906, calendar of this court. It appears that, while the cause was pending in the lower court, the parties by their attorneys entered into a stipulation which was in writing and filed as a part of the

[1]Reported in 87 Pac. 65.

records in the cause, as follows, omitting the title of the cause and the signatures:

"It is hereby stipulated by and between said plaintiff and said defendant the Spokane Valley Land and Water Company, that the above entitled cause shall be tried on July 2, 1906; and that if either party desires to have the testimony of D. C. Corbin, the trial shall be adjourned for completion until a later day in July, 1906, at which time his testimony may be taken as a part of the trial. It is further stipulated that either party desiring to appeal from the final judgment in said cause must perfect any such appeal and serve their briefs and file their transcript in time so that said cause may be assigned and heard at the October, 1906, term of the supreme court of said state, and if the appellant fail so to do, the appeal shall be dismissed and no new appeal taken. This provision not to apply if appeal is dismissed for any other reason. Dated June 20th, 1906."

The record on appeal was not filed in this court in time to be assigned for hearing, and the case was not assigned upon the October calendar. Respondent thereupon moved to dismiss.

"The parties may bind themselves by a stipulation waiving the right of appeal." And "the attorney of record may bind his client without special authority by a stipulation waiving the right of appeal." 20 Ency. Plead. & Prac., pp. 636-7.

"An agreement of a party to waive the right of appeal will be recognized as a binding contract by the courts. It must be supported by a sufficient legal consideration, and the contract must be express, in writing, and made a part of the record in the cause." 2 Ency. Plead. & Prac., p. 173.

The foregoing rules seem to be supported by abundant authority cited in the foot notes in the volumes from which the rules are quoted. Counsel for appellant does not contend that the stipulation was invalid or without consideration or authority, but seeks to avoid a dismissal of the case upon the ground that he supposed the October term began upon the fourth Monday instead of the second Monday in

October, 1906. We think this is not a sufficient excuse. It was counsel's duty to know exactly when the term began. The statute, Bal. Code, § 4652 (P. C. § 4328), and the rules clearly provide the dates for the beginning of each session. If counsel did not know the dates upon which the sessions began, when he entered into the stipulation, it was his duty to inform himself and to comply with his stipulation to have the appeal in this court in time. Counsel for respondent are in no wise to blame. They have placed nothing in the way, but the record shows they have expedited the appeal whenever possible to do so, and no blame for the delay can attach to the respondent.

The appellant having wholly failed to comply with the stipulation, the respondent is clearly entitled to have the appeal dismissed, and it is so ordered.

DUNBAR, CROW, ROOT, and HADLEY, JJ., concur.

FULLERTON, J. (dissenting.)—If the record in this cause presented the question decided by the majority, I would have no hesitancy in concurring in the conclusion reached, as I think a litigant may for a valuable consideration stipulate away his right of appeal, as he may other rights the law affords him. But as I view the record it presents an entirely different question than the one determined. In addition to the stipulation recited in the main opinion, the parties, by their attorneys, at a later date entered into another stipulation by which they agreed that the cause should be set down for hearing at the present session of this court. Through the inadvertence of counsel this stipulation did not reach the clerk in time to comply with the rule, and he very properly did not place the cause upon the calendar. After it was learned by counsel that the cause was not placed on the calendar the motion to dismiss was filed. At the hearing counsel for the moving party frankly stated that the purpose of these stipulations (as must be apparent from the very stipulations themselves) was to procure a hearing of the appeal

at the present session of this court, and he proffered, in case the court would permit the appeal to be heard at this session, to waive his motion to dismiss and allow the case to go on the calendar, on such terms as this court might deem just. The opposing counsel, on this statement being made, consented to the imposition of terms—in fact he had previously indicated that he ought to be punished by the imposition of terms rather than by a dismissal of his appeal. The question presented to the court, therefore, is not, may a litigant waive his right of appeal, but is, rather, will this court to save the penalty of dismissal consent that a cause not technically entitled to go upon the present calendar be put thereon.

On the question actually before us I think the decision wrong. It seems to me not only to strike too harshly at the particular litigant but to be contrary to the purpose and spirit for which the court was created. This court, like an inferior court, has for its primary purpose the hearing of causes upon their merits, and when it dismisses appeals for a mere failure to comply with some rule governing the practice not going to its jurisdiction, it does violence to the purposes for which it was created. Here the question presented is not jurisdictional; it is one on which the court may exercise its discretion; and to deny the appellant a hearing of his appeal on its merits seems to me to be so far arbitrary as to give him just grounds for complaint. In my opinion the cause should be placed on the calendar and heard at this term of court, and I therefore dissent from the ruling of the majority.