[Civ. No. 11784.   Second Appellate District, Division Two.—May 5, 1938.]

BILLIE JACK GORDON, a Minor, etc., et al., Respondents, v. RUDOLPH J. KIFER, Appellant.

C. F. Jorz for Appellant.

Kenneth J. Murphy and Robert E. Ford, as *Amici Curiae,* on Behalf of Appellant.

Ira J. McDonald for Respondents.

CRAIL, P. J.—This case comes before us on a motion to dismiss the appeal upon the grounds that the appeal was taken for delay only and that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument.

The appeal is from a judgment in favor of the plaintiffs in the trial of an automobile accident case in which eight-year-old Billie Jack Gordon was badly injured by the automobile of the defendant. During the trial the plaintiff's father testified as follows: "Q. Was there some other conversation at that time? A. Yes, sir. I told him then my wife was in the hospital and I did not want her to know anything about the boy being hurt. If she did she would die. I told him I was working at the Guasti vineyard and I was not earning very much. . . . A. (Continuing) He said then, 'I did not see the boy until it was too late; I was right on him', he said, 'I swerved to the right and applied the brakes.' He said he felt his responsibility— . . . He said he felt the responsibility of that, and he said he was fully protected by insurance. . . . A. (Continuing) He said he was completely protected by insurance, fully covered, and he said I did not have anything to worry about. Attorney for defendant: Your Honor, I am renewing my motion for a mistrial, and I want the record to so show after the last statement made by the witness here. The Court: Motion for a mistrial denied."

During the opening argument counsel for plaintiffs said, "Mr. Kifer denied he had the conversation with Mr. Chadwell where he admitted his liability and admitted he was fully covered by insurance. Is there any significance in that? Attorney for defendant: I have repeatedly during the course of this trial questioned and challenged the good faith of counsel here with respect to the injection into the case of sympathy and prejudice. . . . If the court will give my instruction that there is no insurance company defendant in this action, I will withdraw my motion. Attorney for plaintiff: Well, that is all right, too."

Again in his closing argument counsel for plaintiff said, "Now, ladies and gentlemen, Mr. Jorz (attorney for defendant) opened this up; I would not have said anything about it, but he opened it up; he told you that the court would instruct you that the insurance company was not a defendant in this action. Well, that is true, ladies and gentlemen, but it just happens to be the law in this state that you cannot sue the insurance company. Attorney for defendant: . . . I assign that as misconduct, and I move for another mistrial." But later he said, "If the court will instruct the jury that no insurance company is involved, and that the jury is to decide this case on the law and the evidence, without anything else, I will waive my motion, or withdraw my motion for a mistrial. Attorney for plaintiffs: I will stipulate that the court may so instruct the jury. . . . The Court: Well, we are going to have this issue arise again, if the jury brings in a verdict for plaintiff; we are going to have this same question on a motion for a new trial. Attorney for defendant: Well, I am willing to stipulate that the court may so instruct the jury, and on a motion for new trial I will agree not to raise any issue on this fact at all, or on appeal. I will waive any right· to refer to the subject. In other words, I am taking my chance on this jury. Attorney for plaintiffs: The plaintiff will accept such a stipulation. The Court: All right. . . . Ladies and gentlemen of the jury, you are instructed that there is no insurance company involved as a defendant in this action. You are further instructed that you are to decide this case on the law and the evidence that has been submitted to you, and on the instructions of the court."

■ The above misconduct is the only question presented on appeal. The defendant entered into a stipulation with opposing counsel, which was accepted by the court, not to raise any issue on this fact on appeal, and he waived any right to refer to the subject. The waiver was good. (2 Cal. Jur. 225, note 15; 2 Am. Jur., Appeal and Error, sec. 204, p. 971.) After waiving his right to appeal on the question and after taking his chance with the jury thereon, and after the jury decided against him, he cannot be heard to present the question on the merits in this court.

■ The defendant contends that the misconduct was waived only upon express condition that the court would instruct the jury that no insurance company "was involved", and that the condition was not fulfilled in that the court instructed the jury "that there is no insurance company involved as a defendant in this action", and therefore his waiver is not binding upon him. It will be observed that the defendant, the first time he expressed the stipulation, expressed it similarly to the court, for he said, "that there is no insurance company defendant in this action". When the instruction was given to the jury the defendant made no objection, no complaint that it did not comply with his stipulation, and we are of the view that there was a full compliance with the defendant's stipulation.

Furthermore, the defendant again expressly waived the issue in presenting his motion for a new trial. He cannot be heard to raise the matter on appeal for the first time.

Motion to dismiss the appeal is granted.

Wood, J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of appeal, was denied by the Supreme Court on July 1, 1938.