[Civ. No. 12899.   First Dist., Div. Two.   Nov. 14, 1945.]

BELLE REDSTED, Respondent, v. ABRAHAM L. WEISS (alias Albert L. White) et al., Defendants and Appellants; REVA L. WHITE, Cross-complainant and Appellant.

A. Don Duncan for Appellants.

Phil F. Garvey and George Olshausen for Respondent.

NOURSE, P. J.—This is an appeal by defendants and cross-complainant from an order denying their motion to be relieved from a stipulation of their former counsel to impound rents from the real property in controversy until final judgment.

Plaintiff sought to quiet title to certain real property in San Francisco consisting of a three-story building with a grocery store on the ground floor. On February 8, 1944, she filed a complaint against Abraham L. Weiss, whose legal name is now Albert L. White, and his daughter Reva L. White. The

complaint alleged that plaintiff executed a deed of the property to defendant Reva L. White, as trustee for A. L. White, which deed was intended to be a mortgage securing a debt in the sum of $600. On February 25, 1944, the attorneys for the opposing parties entered into a stipulation which was filed with the clerk of the court four days later. The portion of the stipulation under attack reads as follows:

"It is further stipulated and agreed by and between the parties hereto that all rental or rentals for the store building located on the ground floor of the premises described in plaintiff's complaint on file herein, which shall become due and payable from the tenant or lessee of said store, shall be paid by said lessee or tenant to his attorney, Melbert B. Adams, an Attorney at Law, Monadnock Building, in the City and County of San Francisco, State of California, *to be held and retained in trust by the said Melbert B. Adams, and by him paid over to the prevailing party in the above entitled action when the judgment in the above entitled action shall have become final.*"

On March 29, 1944, defendants filed an answer to the amended complaint and Reva L. White filed a cross-complaint seeking to quiet title to the property. At the same time defendants and cross-complainant made a substitution of attorneys, substituting their present attorney for W. Lindley Abbott who had entered into the stipulation in question. On August 10, 1944, after a trial on the merits, judgment was rendered in favor of defendants and cross-complainant. Plaintiff filed her notice of appeal and the cause on the merits is now pending in this court.

On August 29, 1944, defendants and cross-complainant filed their notice of motion for an order relieving them from the aforementioned stipulation of their former counsel. The motion was heard on September 8, 1944, at which time W. Lindley Abbott testified as to the events surrounding the signing of the stipulation. The court allowed defendant and cross-complainant Miss White one week to file her affidavit as to any facts pertinent to the motion; that affidavit was filed on September 14, 1944. Included in the clerk's transcript on appeal is an affidavit of plaintiff filed on September 8, 1944, in opposition to the motion and her reply affidavit filed on September 18, 1944. On September 22, 1944, the court entered its order denying the motion of defendants and cross-complainant to be relieved from the stipulation and it is from this order that the present appeal is prosecuted.

The sole legal issue involved on this appeal is the authority of the appellants' former attorney to enter into the stipulation impounding the rents during the pendency of the action. Appellants contend that the stipulation was made without their consent and waived a substantial right, hence they argue that it is not binding upon them and that they should be relieved from it by the court.

Section 283 of the Code of Civil Procedure provides in part as follows: "An attorney and counselor shall have authority: 1. To bind his client in any of the steps of an action or proceeding by his agreement filed with the clerk, or entered upon the minutes of the court, and not otherwise; . . . ." The leading case on the interpretation of this code section is *Preston* v. *Hill*, 50 Cal. 43 [19 Am.Rep. 647], wherein the court stated at page 53: "It was not intended to enlarge or abridge the authority of the attorney; but only to prescribe the manner of its exercise, by requiring the agreement to be filed with the clerk or entered upon the minutes." See, also, *Wall* v. *Mines*, 130 Cal. 27, 42 [62 P. 386]; *Reclamation District* v. *Hamilton*, 112 Cal. 603, 609 [44 P. 1074]. The question as to whether an attorney has the power or authority to enter into a stipulation depends, therefore, upon whether the subject matter of the agreement falls within his authority (3 Cal.Jur. 660).

On the one hand it is a well settled rule of law that "the implied authority of an attorney ordinarily does not extend to the doing of acts which will result in the surrender or giving up any substantial right of the client. . . ." (7 C.J.S. 897) and this rule has been followed in California (*Price* v. *McComish*, 22 Cal.App.2d 92, 97 [70 P.2d 978]; 3 Cal.Jur. 667). The courts of this state have held that an attorney by virtue of his general authority cannot enter into an agreement depriving his client of the right of appeal (*Wuest* v. *Wuest*, 53 Cal.App.2d 339 [127 P.2d 934]), cannot confess judgment against his client (*Pfister* v. *Wade*, 69 Cal. 133 [10 P. 369]), cannot pass his client's rights or title to land which is the subject matter of the litigation (*Ryan* v. *Tomlinson*, 31 Cal. 11) and cannot accept the amount tendered by the adverse party in full satisfaction of a claim for money due. (*Ferrea* v. *Tubbs*, 125 Cal. 687 [58 P. 308].)

On the other hand, however, it is just as well settled that an attorney has "the general implied or apparent authority to enter into or make such agreements or stipulations,

with respect to procedural or remedial matters, as appear, in the progress of the cause, to be necessary or expedient for the advancement of his client's interests or to accomplishment of the purpose for which the attorney was employed. . . .'' (7 C.J.S. 917.) The courts of California have recognized this principle and the distinction between the two rules. In *Witaschek* v. *Witaschek,* 56 Cal.App.2d 277, 283 [132 P.2d 600], referring to the authority of an attorney under section 283, subdivision 1, of the Code of Civil Procedure, the court said: ''. . . later pronouncements have indicated instances where the rule is relaxed, e. g., to vest the attorney with complete charge and supervision of the procedure to be adopted, the conduct of the trial and all cognate subjects, provided only the attorney does not impair, compromise or destroy his client's cause of action or subject matter of the litigation without his client's consent. . . .''

But the case presented here differs from all the cited cases in that rentals to be paid on the property were not made the ''subject matter'' of the litigation. The suit was one to quiet title to real property and, under section 283 of the Code of Civil Procedure an attorney would have the authority to bind his client by stipulation ''in any of the steps of (the) action.'' Whether this authority extends to a stipulation binding the client as to any collateral matter which might be the source of other litigation does not appear to have been decided in any case called to our attention.

But if we assume that the stipulation was beyond the authority of the code section it does not follow that it was invalid or that the client is not now bound by it. Thus we held in *Fidelity & Casualty Co.* v. *Abraham,* 70 Cal.App.2d 776, 783 [161 P.2d 689], on the authority of *Webster* v. *Webster,* 216 Cal. 485, 490 [14 P.2d 522], and other cited cases, that a party who has received and has retained the benefits of such a stipulation should be estopped to deny his counsel's authority to make it. The theory of estoppel in such a case is that lack of antecedent authority is supplied by subsequent ratification and acceptance of the benefits. But, manifestly, that which may be subsequently ratified may be specially authorized by the act of the principal consenting to the stipulation made by his agent, or attorney. Here the respondent by affidavit averred that, before the stipulation was filed, it was exhibited to Reva L. White, and fully explained to her by her counsel while the parties were all present in open court during one of the hearings relating to an application for an injunction in

this proceeding, and that appellants thereupon agreed and consented to its terms. The attorney who signed the stipulation for these appellants testified at the hearing of the motion for relief that he explained the stipulation to Mr. White, and that it was agreeable to him. This brings the case squarely within the rule of *Cathcart* v. *Gregory,* 45 Cal.App.2d 179, 185, 187 [113 P.2d 894], where the court held that, under somewhat similar facts, the presence of the client in court at the time the stipulation was made, and her failure to make objection, was an implied authorization to her attorney to execute it.

It is true that the testimony as to Reva L. White does not stand uncontradicted. But the conflict was a matter for the trial court to decide. It is also true that appellants object to the consideration of the affidavit. But that too is a matter outside the realm of this appeal. The point is that the hearing on the motion was ended September 8, 1944, with an order allowing these appellants one week within which to file their affidavit, "and upon the filing of that affidavit, the matter will be submitted." On September 8th the respondent filed an affidavit stating on information and belief that appellants consented to the stipulation; on September 14th appellants filed their affidavit; and, on September 18th, respondent filed the affidavit which is now under attack. The order appealed from was entered on September 22d. Appellants argue (1) that the affidavit was not filed in proper time, and (2) that it does not appear that the affidavit was "used" upon the consideration of the motion. Both grounds are answered by reference to the Rules on Appeal, and decisions prior to the enactment of the rules are not helpful. Acting under Rule 5a the appellants designated the papers which they desired incorporated in the clerk's transcript. Acting under Rule 5b the respondent designated this affidavit as a paper which she desired incorporated. The clerk followed both requests and prepared a complete transcript. Appellants state in their brief that they made objection to this request but that the trial court allowed the inclusion of the affidavit in the transcript. No record is made of such proceeding. If no objection is made within the time prescribed "the clerk shall certify the record as correct." (Rule 8a.) If objections are made the trial judge, after a hearing thereon, shall determine the request for correction and "shall certify the transcripts as correct." (Rule 8b.) Since the clerk's transcript

does not show a certificate of the trial judge we must presume that no hearing was had and that the transcript was settled under Rule 8a. ██ Hence the appellants must be deemed to have waived all objections to the transcript as certified by the clerk. Such waiver covers all objections which could have been made to the time and manner of filing since those were questions which should have been addressed to the trial judge.

██ The question whether this affidavit was "used" is not open to debate. The record as it stands shows that it was on file before the decision. This presents a different case from *Thomas* v. *Thomas*, 66 Cal.App.2d 818, 821 [153 P.2d 389], where objection was made to the inclusion of papers in the record which were filed several days after the entry of the order. But, since the Rules on Appeal provide a complete scheme for the preparation of the clerk's transcript, and since they dispense with the certificate of the trial judge unless objection is made under Rule 8, we must assume here that, in its consideration of the motion, the trial court "used" the entire record on file at the time of its decision.

██ Appellants made a motion during pendency of the appeal to introduce two affidavits, which motion was continued for disposition with the appeal. The purpose of the affidavits is to show that the tenant of the ground floor premises has not paid his rent during the present year and that the stakeholder is not pressing him for payment. ██ Applications to produce additional evidence under the provisions of section 956(a) of the Code of Civil Procedure when made for the purpose of a reversal of the judgment will be granted only in exceptional cases. (*Tupman* v. *Haberkern*, 208 Cal. 256 [280 P. 970].) ██ This is not such a case. Such proffered evidence would merely tend to show that the stipulation was an improvident one—a question which is not involved in the order on appeal. It would not affect the question of the right of appellants to be relieved from the stipulation, and that is the only issue presented here. Accordingly the motion is denied.

The order appealed from is affirmed.

Goodell, J., and Dooling, J., concurred.

A petition for a rehearing was denied December 14, 1945, and cross-complainant and appellant's petition for a hearing by the Supreme Court was denied January 10, 1946.