[Civ. No. 13579.  First Dist., Div. Two.  Oct. 14, 1947.]

MARY E. FOWLKES, Respondent, v. L. INGRAHAM, as Administratrix, etc., Appellant.

George Ingraham for Appellant.

Hugh S. O'Neill and J. W. O'Neill for Respondent.

DOOLING, J.—Respondent (plaintiff below) moves to dismiss the appeal. The action was one against the administratrix of a decedent's estate for $3,835. The case was tried to a jury which brought in a verdict for plaintiff for $1,500. After the jury was discharged and while the attorneys for both parties were still in the courtroom both attorneys stated that so far as they were concerned the case was finished. Four diamond rings had been introduced into evidence and the trial judge stated to counsel for both parties that since they had both expressed the opinion that nothing further was to be done in the case it might be well for the parties to arrange for the withdrawal of the rings so that the courtroom clerk would be relieved of the responsibility for their care. The judge further stated that he would make an order for the withdrawal of the rings "if counsel for plaintiff and defendant were willing to stipulate in open court to waive the right to move for a new trial in said action and waive the right to appeal in said action." Thereupon, counsel for both parties stipulated orally in open court to waive the right to move for a new trial and to waive the right to appeal and, by direction of the court, this stipulation was entered in the minutes of the court. The rings were thereupon delivered to counsel for the plaintiff. The defendant and appellant administratrix was not present in court when the stipulation was made and was not consulted about it.

The stipulation was made by the attorneys in open court and entered in the minutes in compliance with the requirements of section 283 (1) of the Code of Civil Procedure. The only question presented is whether an attorney has the implied authority to bind his client by a stipulation waiving the right of appeal.

It is settled that section 283, Code of Civil Procedure, does not enlarge or abridge the authority of an attorney, but only prescribes the manner of its exercise. (*Redsted v. Weiss*, 71 Cal.App.2d 660 and cases cited at p. 663 [163 P.2d 105].) The general authority of the attorney vests him "with complete charge and supervision of the procedure to

be adopted, the conduct of the trial and all cognate subjects, provided only the attorney does not impair, compromise or destroy his client's cause of action or subject matter of the litigation without his client's consent." (*Witaschek* v. *Witaschek,* 56 Cal.App.2d 277, 283 [132 P.2d 600].)

Counsel for the respective parties are not in disagreement on the above rules, but only on their application to the facts of this case, counsel for appellant insisting that the right of appeal is a substantive right which the attorney cannot waive without his client's express consent and counsel for respondent urging that the right of appeal is a procedural one, falling within the implied authority of the attorney to waive.

The question is one which has never been squarely decided in California. The great weight of authority in other jurisdictions where the question has arisen supports the statement quoted by the court from 2 Encylopedia Pleading & Practice, page 637, in *Arthur D. Jones & Co.* v. *Spokane Valley Land & Water Co.,* 44 Wash. 146 [87 P. 65], that "the attorney of record may bind his client without special authority by a stipulation waiving the right of appeal." (*Smith* v. *Barnes,* 9 Misc. 368 [29 N.Y.S. 692] ; *People* v. *Stephens,* 52 N.Y. 306; *Leahy* v. *Stone,* 115 Ill.App. 138; *In re Heath's Will,* 83 Iowa 215 [48 N.W. 1037] ; *Sargeant* v. *Clark,* 108 Pa.St. 588; *Pike* v. *Emerson,* 5 N.H. 393 [22 Am.Dec. 468] ; *Mackey* v. *Daniel,* 59 Md. 484.) It is doubtless true, as stated in some of these cases, that such a waiver to be binding must be supported by a consideration. The reciprocal waiver by respondent's counsel of her right to move for new trial and to appeal satisfies this requirement. (Civ. Code., § 1605.)

In seeming accord with these authorities from other jurisdictions are *Clemens* v. *Gregg,* 34 Cal.App. 245 [167 P. 294], and *Gordon* v. *Kifer,* 26 Cal.App.2d 252 [79 P.2d 164]. Opposed to them are dicta not necessary to the decisions in *Wuest* v. *Wuest,* 53 Cal.App.2d 339 [127 P.2d 934] and *Redsted* v. *Weiss, supra,* 71 Cal.App.2d 660. In *Wuest* v. *Wuest, supra,* it appears that the parties joined in the stipulation with their attorneys (53 Cal.App.2d, p. 342), and the real question involved was the duress of the court exercised upon plaintiff to compel her to sign the stipulation. (Cf., the same case on a later appeal, *Wuest* v. *Wuest,* 72 Cal.App.2d 101 [164 P.2d 32].) In *Redsted* v. *Weiss, supra,* 71 Cal.App. 2d at page 663, this court repeated the dictum from the Wuest case only by way of illustration, since the question of

the implied authority of an attorney to waive the right to appeal was in no way involved. We conclude that counsel for appellant had the implied authority to waive his client's right of appeal.

It may be noted that respondent's right to move for a new trial and to appeal have both been lost by lapse of time so that it is now impossible to put the parties *in statu quo* if appellant should be relieved from her attorney's stipulation.

The motion to dismiss the appeal is granted.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied November 13, 1947.