[L. A. No. 8976. In Bank.—April 9, 1929.]

JOE CAPPELLINO et al., Respondents, v. L. M. MOORE, Appellant.

I. Henry Harris for Appellant.

Andreani & Haines and Dana R. Weller for Respondents.

RICHARDS, J.—This appeal is from a judgment of the superior court in and for the county of Los Angeles, made and entered in the plaintiffs' favor, canceling a certain contract which had been entered into between the parties to this action for the sale and purchase of a certain tract of land, by the terms of which the defendant and appellant Moore had agreed to purchase and to make certain installment payments upon the purchase price of said land. Having failed to make payment of certain of these installments plaintiffs elected to declare a forfeiture of the contract and to procure a cancellation thereof by means of this action. Upon the trial of the cause upon the issues framed by the pleadings the trial court made its findings in favor of the plaintiffs and thereupon entered the judgment from which this appeal was taken. The date of the entry of the judgment was July 11, 1925, and the date of the defendant's appeal therefrom to this court was August 7, 1925. The opening brief of the appellant was filed on January 4, 1926. No respondents' brief having been filed, this court on November 2, 1928, issued and caused to be served upon counsel for the parties to this appeal an order to show cause why the respondents' brief had not been filed and why this court should not make such order as should be meet in the premises. In response to this order counsel for the respondents presented an affidavit, which set forth in substance that on or about April 26, 1926, they had entered into a contract with one Hersie Mau for a sale of a portion of the property involved in this action and as part of the consideration of such sale the respondents had agreed with said Hersie Mau to credit on account of the purchase price certain moneys which had theretofore been paid to and accepted by the appellant L. M. Moore; that said L. M.

Moore and one P. M. Reidy had participated in the execution of the contract above referred to and that as a condition to the execution of said contract the respondents herein had demanded that Hersie Mau and his associates procure a quitclaim deed to all the property involved in this action from said L. M. Moore and a release of any and every claim which said L. M. Moore might make against the respondents, and also a dismissal of this appeal; that the papers containing the foregoing stipulation were deposited in escrow on said date with the Merchants National Trust and Savings Bank of Los Angeles for the purpose of delivery upon the completion of the escrow through the deposit of said quitclaim deed and release and of a formal dismissal of this action; that on or about the second day of July a quitclaim deed from said L. M. Moore to the respondents was so deposited, together with a formal receipt and satisfaction of any and all claims and demands which said L. M. Moore might have or make against the respondents, and also a formal waiver of any further right to prosecute this appeal. Thereupon the escrow was closed and counsel for the respondents supposed that this appeal had been dismissed, and for that reason presented no respondents' brief therein. In response to this affidavit the appellant caused to be filed an affidavit wherein the facts of the creation of said escrow and of the making and execution by appellant of said quitclaim deed and acquittance and waiver of this appeal were admitted, but affiant deposed that he had never received the benefits to which he would have been entitled under said escrow and that the same had never been closed in such manner as to entitle him to receive such benefits, and hence that his quitclaim deed and acquittance were ineffectual, and that this appeal should not be dismissed. Upon the submission of said order to show cause certain other affidavits were presented by the respective parties, bearing upon the question as to whether or not the said escrow had been closed in accordance with the spirit and intent of those who were parties thereto, and whether as the result thereof said deed, acquittance and waiver of this appeal had been duly delivered to the respondents herein. ■ Without reciting the contents of these affidavits in detail we are satisfied that they sufficiently show that said escrow and the transaction to which it related were duly completed during the

month of July, 1926, and that thereupon the respondents became entitled to and actually received the delivery of the appellant's quitclaim deed, acquittance and waiver of this appeal. Whether or not the appellant received all or any of the anticipated benefits arising from the execution and delivery of said documents are or may be matters of controversy between himself and those certain parties who were interested with him in said transaction, but are of no concern to the respondents herein, as to whom the appellant by virtue of the execution and delivery in due course of said documents fully waived all of his claims and demands against the respondents as set forth in his pleadings and proofs in this action, and also fully waived and abandoned his rights under this appeal. This being so, it appears that by virtue thereof this appeal has become moot, and upon the hearing to show cause issued by this court herein and the showing made thereon, it is hereby ordered that this appeal be and the same is hereby dismissed.

Preston, J., Langdon, J., Shenk, J., Seawell, J., Waste, C. J., and Curtis, J., concurred.