[Civ. No. 10737. First Appellate District, Division One.—May 10, 1938.]

LAWRENCE G. BECKETT, Plaintiff and Appellant, v. CITY OF PARIS DRY GOODS COMPANY (a Corporation), Defendant and Appellant.

Dinkelspiel & Dinkelspiel and David K. Lener for Plaintiff and Appellant.

Daniel R. Shoemaker and Dean Cunha for Defendant and Appellant.

THE COURT.—Plaintiff sought damages for an alleged unlawful eviction. The action was tried without a jury, and the trial court found in plaintiff's favor, assessed his damages in the sum of $677.03, and entered judgment accordingly. Both parties appealed. Plaintiff, claiming inadequacy of damages, took his appeal shortly after the entry of judgment; and defendant appealed after denial of its motion for a new trial on the merits. The record on appeal, consisting of the clerk's and reporter's transcripts, was filed with the clerk of this court on January 4, 1938, one-half of the cost of the preparation of which was paid by plaintiff; and on February 2, 1938, plaintiff filed his opening brief. Three weeks later and on February 23, 1938, defendant gave notice of the present motion to dismiss plaintiff's appeal. The motion is based upon the claim that at the time defendant's motion for new trial came on for hearing before the trial court the judge thereof indicated that inasmuch as both parties were apparently dissatisfied with the decision rendered, a new trial should be granted; that thereupon counsel for plaintiff stated that if the court would deny said motion plaintiff would abandon his appeal; and that upon such understanding defendant's motion for new trial was denied.

The motion to dismiss has been submitted on affidavits filed in behalf of the respective parties, and they are sharply conflicting as to what occurred at the time of the hearing of the motion for new trial, and particularly as to whether counsel for plaintiff made the statement attributed to him. Regardless, however, of the foregoing question of fact, subdivision 1 of section 283 of the Code of Civil Procedure declares that an attorney shall have authority to bind his client in any of the steps of the action or proceeding by his agreement filed with the clerk, or entered upon the minutes of the court, ''and not otherwise''; and here, admittedly the alleged agreement to abandon the appeal was not in writing nor was any agreement or stipulation whatever entered upon the records of the court. The minutes recite merely that ''after hearing argument by respective counsel, it is ordered by the court that the motion of defendant for a new trial be denied''. Clearly, therefore, even though it were to be found as a fact from said conflicting affidavits that counsel for plaintiff did make the statement attributed

to him, plaintiff would not be bound thereby. (*McClellan v. State of California*, 119 Cal. App. 535 [6 Pac. (2d) 994].) Neither of the two cases cited and relied upon by defendant (*Hibernia Sav. & Loan Soc. v. Waymire*, 152 Cal. 286 [92 Pac. 645], and *Cappellino v. Moore*, 207 Cal. 36 [276 Pac. 575]), is in point for the reason that each dealt with a written waiver of the right of appeal.

The motion to dismiss is denied.