[Civ. No. 4586.   Fourth Dist.   Sept. 3, 1953.]

LUISA ROSS, Respondent, v. RALPH R. ROSS, Appellant.

Nottbusch & Nottbusch for Appellant.

LeRoy Seckler for Respondent.

BARNARD, P. J.—This is an appeal from an order setting aside an interlocutory decree of divorce, and from an order substituting an attorney for the plaintiff.

The complaint, filed on May 23, 1952, alleged cruelty as the ground for a divorce. On June 4th, the defendant filed an answer and a cross-complaint seeking a divorce on the same ground. On June 26th, the court entered an order requiring the defendant to pay the plaintiff $20 per week for her maintenance. On June 30th, notice that trial of the cause was set for July 30th was served on plaintiff's attorney.

The cause was called on July 30th, the plaintiff not being present in court. Her attorney and the attorney for the defendant then stipulated that the case might be heard the next day as a default matter; that the defendant might then proceed on his cross-complaint; and that the decree should contain no provision for support for the plaintiff but should provide for her right to seek such support within a period of six months. An interlocutory decree was entered on July 31, 1952, in which the court, after referring to this stipulation, found the allegations of the cross-complaint to be true and that a divorce should be granted to the defendant. It was further decreed that the plaintiff was entitled to no support or maintenance, with the proviso that she should have the right to petition the court for such an allowance at any time within six months of the date of the decree.

On September 10th, plaintiff's attorney secured an order to show cause why the interlocutory decree should not be modified, some of the grounds being that the plaintiff was ill and staying with relatives in the interior of Mexico at the time the decree was entered, and that at all times since she has been in ill health and unable to support herself. This

application for modification of the decree was denied on October 3d.

On October 14th, a different attorney, appearing specially for that purpose, filed on behalf of the plaintiff a notice of motion to vacate the interlocutory judgment, with the affidavits of the plaintiff and of the attorney who represented her on the previous proceedings. On the same day an order to show cause was issued, and copies of the notice of motion, the order, and the affidavits were served on defendant's attorney. The grounds stated in the notice of motion were: that at the time the decree was entered the plaintiff was ill in Mexico; that she did not know that the cause had been set for trial; that her attorney entered into this stipulation without her knowledge or approval; that she had a valid cause of action for divorce and a valid defense to the cross-complaint; and that the default judgment was taken against her through the mistake, inadvertence, surprise or excusable neglect of herself and her attorney.

The attorney's affidavit stated that he attempted to contact the plaintiff on July 20th, but was unable to locate her by July 29th; that on July 29th, he informed the attorney for the defendant that he would have to request a continuance; that defendant's attorney told him that the holders of trust deeds on certain property were threatening to foreclose, and that he would press for a hearing on July 30th in order to protect the interest of both parties; that the affiant entered into the stipulation believing that the plaintiff had abandoned her cause of action, and believing that her property interests would be best protected by a speedy termination of the litigation; that affiant left the state on August 1st, and returned on September 1st; that he then learned that the plaintiff had been ill in Mexico during the latter part of July, and because thereof had been unable to communicate with him; that when affiant sought to present evidence at the hearing of the order to show cause issued on September 10th the defendant's attorney objected on the ground that the court had no jurisdiction to award support money to the guilty party in a divorce action; and that said objection was sustained.

The plaintiff's affidavit stated, among other things, that she was in ill health at the time the order for support money was made on June 26th; that the defendant did not comply with that order prior to July 18th; that between those dates she was without funds to purchase food, and the utilities in her apartment were cut off; that on July 15th, a relative pur-

chased for her a ticket to Mexico where she secured food, lodging and medical care from relatives; that from the time she arrived in Mexico she was under a doctor's care and unable to communicate with her attorney; that when she left San Diego County she had not been notified that the cause had been set for trial; that she returned to San Diego in August and found that her attorney was away on vacation; that she later learned from her attorney that he had entered into this stipulation; that she did not know that the case had proceeded to trial until after the decree was entered; that she has a valid cause of action and a valid defense against the cross-complaint; and that she is without funds, is unable to work or support herself, and is in ill health.

The motion to vacate the judgment was heard on October 29, 1952, on which date the affidavits of the defendant and his attorney were filed, in opposition to the motion. Insofar as material here, the affidavit of the defendant's attorney stated that he was never informed by plaintiff's attorney that the plaintiff was not available for trial. The affidavit of defendant alleged, on information and belief, that after plaintiff's arrival in Mexico she was not under a doctor's care but was at all times able to communicate with her attorney. When the hearing began defendant's counsel objected to the matter being heard on the ground that the notice of motion was not signed by plaintiff's attorney of record, and that no substitution of attorneys had been made in the manner required by sections 284 and 285 of the Code of Civil Procedure. The court overruled the objection and, at the request of the plaintiff and her new attorney, ordered him substituted as her attorney. The matter was then argued and submitted on the affidavits. The court stated that the attorneys would not have entered into the stipulation had they known that the agreement to permit the plaintiff to later seek support was unenforceable, commented on the difficulty in some instances in communicating with persons in Mexico and on the fact that the State is an interested party in a divorce proceeding, and expressed the opinion that the plaintiff is entitled to have her day in court. An order was entered vacating and setting aside the interlocutory decree. This appeal followed.

The appellant first contends that the motion to vacate the judgment was not properly before the court since notice thereof was not signed by the attorney of record. It is argued that under sections 284 and 285 of the Code of Civil Procedure the court must recognize only an attorney of record, citing

*McMahon* v. *Thomas,* 114 Cal. 588 [46 P. 732], and *Jackson* v. *Jackson,* 71 Cal.App.2d 837 [163 P.2d 780]. Those cases involve a motion for a new trial, and a notice of appeal. Assuming that the suggested rule must be more strictly applied in such cases, although it has been somewhat relaxed in some of them, it does not follow that the court was without power to act in the matter here in question. In the interest of justice a trial court should have considerable discretion in permitting another attorney to specially appear for a particular purpose, especially such as the one involved here.

█ Moreover, it is well settled that this requirement may be waived. Among the many cases so holding is *Starkweather* v. *Eddy,* 196 Cal. 73 [235 P. 734], in which it was further held that slight circumstances of acquiescence are sufficient to show such a waiver. In this case the attorney for the defendant was notified of the motion two weeks before the hearing, he appeared at the hearing and then voiced an objection for the first time, and when his objection was overruled he submitted his affidavits and argued the matter on its merits. A sufficient waiver appears, and the circumstances were such as to justify the court in ordering the substitution of the other attorney and in hearing the matter.

█ It is next contended that the respondent could not repudiate the stipulation made by her attorney of record. It is argued that a party is bound to leave the management and control of a case to his attorney and can only be heard through that attorney, citing *Crescent Canal Co.* v. *Montgomery,* 124 Cal. 134 [56 P. 797] ; and that there is nothing to show any fraud, mistake, surprise or excusable neglect in connection with this stipulation. Conceding the general rule, it seems obvious that it should not be applied to the extent here contended for. While an attorney has a broad authority in many matters affecting the managing and control of a case, we know of no established rule of law which requires the denial of any relief where the attorney, without the knowledge or consent of the client, has stipulated away the client's entire case, including any defense to a cross-complaint. No reversible error appears in this connection.

█ Finally, it is contended that the court abused its discretion in granting the motion because the evidence was insufficient to justify such action. The controlling facts, which are undisputed, should be a sufficient answer to this contention. Aside from other considerations, it clearly appears that respondent's then attorney failed to realize the legal

effect of part of the stipulation, and the charitable thing is to assume that the same is true of the attorney for the appellant. Mistaken advice by the attorney has been held to be sufficient to show excusable neglect. (*Svistunoff* v. *Svistunoff*, 108 Cal.App.2d 638 [239 P.2d 650].) The matter was primarily one within the sound discretion of the court. A rather strong showing of surprise and excusable neglect on the part of the respondent was made, and no abuse of discretion appears.

The orders appealed from are affirmed.

Griffin, J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 29, 1953. Edmonds, J., and Schauer, J., were of the opinion that the petition should be granted.