[Civ. No. 27506.   Second Dist., Div. Two.   June 29, 1965.]

WILLIAM M. HARNESS, Plaintiff and Appellant, v. PA-
CIFIC CURTAINWALL COMPANY, Defendant and
Respondent; PACIFIC EMPLOYERS INSURANCE
COMPANY, Claimant and Appellant.

Robert H. Lund and Philip E. Poppler for Plaintiff and Appellant.

Wise, Kilpatrick & Clayton, George E. Wise and Joseph P. D. Kern for Claimant and Appellant.

Morgan, Holzhauer, Burrows, Wenzel & Lynberg and Wm. Marshall Morgan for Defendant and Respondent.

ROTH, P. J.—Plaintiff, William M. Harness, employed by Myers Bros. Construction Company, Inc. (Myers Bros.) as a carpenter's helper on a construction project, was injured when a weight at the end of a strung alignment wire fell on his arm and knocked him to the ground. At the time of the accident he was walking under the wire carrying lumber to another part of the project. The wire was under the control of respondent, Pacific Curtainwall Company, (respondent), which, as a subcontractor on the project, was installing gird angles on the side of the building. Gird angles are steel that will eventually hold the curtainwall.

Plaintiff's suit for personal injuries named, among others, as defendants, respondent and Myers Bros. Negligence was alleged on the part of all named defendants.

Appellant, Pacific Employers Insurance Company, (Pacific), the compensation carrier for Myers Bros., was notified of the pending action prior to the date set for trial. It did not intervene in the action to lien any judgment Harness might recover equal to the amount paid by Myers to Harness as workmen's compensation, if it was not established that Myers Bros. was guilty of concurrent negligence which proximately contributed to the injuries suffered by plaintiff. (*Witt* v. *Jackson,* 57 Cal.2d 57, 69 [17 Cal.Rptr. 369, 366 P.2d 641]; Lab. Code, §§ 3850, subd. (b); 3853; 3856, subd. (b).)[1] Pacific did however retain plaintiff's attorney to protect its Labor Code lien rights upon any judgment plaintiff might recover.

---

[1] "If the action is prosecuted by the employee alone, the court shall first order paid from any judgment for damages recovered the reasonable

The trial commenced on February 21, 1962. On the same date respondent was granted leave to amend its answer and pretrial statement to set up as an affirmative defense Myers Bros.' negligence.

Following presentation of plaintiff's case, all defendants moved for a nonsuit. The motion was granted as to all defendants except respondent. The motion as to Myers Bros., however, was granted solely on the ground that plaintiff's only remedy against Myers Bros. was under the workmen's compensation laws. The jury returned a $9,500 verdict against respondent. It was agreed between the parties in trial that Myers Bros. had paid to plaintiff by way of compensation $5,855.40.

After the jury had returned its verdict, the court instructed the jury that it must now decide whether Pacific was entitled to its statutory lien against the judgment. Such decision, the court advised, would rest upon whether the evidence showed Myers Bros. had failed to provide plaintiff with a safe place to work and, if so, was it a concurrent ". . . efficient cause of an injury . . . [since] in such case, each of the participating acts or omissions is regarded in law as a proximate cause" of plaintiff's injuries. The jury returned and informed the court it could not reach a decision that afternoon. Faced with the necessity of requiring the jury to return the following morning, trial counsel approached the bench. The following then took place:

"THE COURT: Counsel have stipulated that on this issue the jury may be excused permanently and that it be decided by the Court without the jury being involved." The jury was excused.

". . .

"MR. MORGAN: [counsel for respondent] I will offer to waive jury on this additional question of the concurring or contributing negligence of Myers Brothers Construction Company and *I will offer to submit the case to the Court on the evidence adduced in this trial.*" (Italics added.)

"Do you stipulate to that Mr. Poppler [counsel for plaintiff]?

"THE COURT: It is more than that. Isn't it upon a stipulation?

litigation expenses incurred . . . [together with reasonable attorney's fees]. After the payment of such expenses and attorney's fee the court shall, on application of the employer, allow as a first lien against the amount of such judgment . . . the amount of the employer's expenditure for compensation. . . ."

"Mr. Morgan: Yes, your Honor, it is.

"The Court: It isn't for me to decide.

"Mr. Morgan: No. I will stipulate.

"The Court: It is on stipulation.

"Mr. Morgan: *I will stipulate that you can make a finding that at the time and place of this accident, it was an unsafe place to work.* (Italics added.)

"Mr. Poppler: I have been instructed by Mr. Lund [Poppler's cocounsel]——

"The Court: Upon a stipulation that that is so—isn't it, that that is true?

"Mr. Morgan: Yes.

"The Court: Upon a stipulation that that is true,——

"Mr. Morgan: That is right.

"The Court: ——is that right?

"Mr. Poppler: I wish the record to show——

"The Court: Is that right?

"Mr. Poppler: Yes, sir.

"The Court: Upon that stipulation, I will find that it was an unsafe place to work. Is that what you want?

"Mr. Morgan: That is what I want.

"The Court: And you have no argument about it?

"Mr. Poppler: No, sir.

"The Court: Have you?

"Mr. Poppler: Yes, sir.

"The Court: I don't understand. I am completely miffed on what a stipulation is. Doesn't this statement that you received state you will so stipulate and that I may——

"Mr. Poppler: I so stipulate.

". . .

"The Court: Upon the stipulation, I will so find.

". . .

"The Court: That is the only reason I can do it and I do it upon the stipulation. . . ."

Pacific's present counsel appeared in the trial court after the verdict and petitioned the trial court to set aside its oral finding of fact based upon the stipulation; grant its lien upon plaintiff's judgment and moved that the stipulation be set aside since its attorney had no authority to make it.

In support of its petitions, Pacific filed affidavits negating Poppler's authority to make the stipulation. It averred that Poppler had been retained to protect Pacific's lien rights and the effect of the stipulation, if binding upon Pacific, was to stipulate away all of Pacific's interest in the judgment.

At the initial hearing on Pacific's petition, the trial court did set aside its oral finding of fact and the hearing was continued for argument and the submission of evidence.

At the final hearing the trial court stated: ". . . But I think that is sound [referring to the stipulation] and I don't think that we, in fairness, need to take any more evidence, and I have thought for a considerable time possibly that we should but I don't feel that way now. I think the thing should be concluded on what the people did that day and in that stipulation and I think it is binding and I will now sign the findings of fact and reinstate the findings as I orally said were, because I did it orally, in effect canceled them, I will reinstate them and sign this as of today."

The court thereupon reaffirmed its order granting respondent's motion for reduction of judgment; reinstated its previous minute order in respect of the oral finding made by the trial court; denied Pacific's motion to be relieved of the stipulation, and denied Pacific's application for first lien against the judgment.

Pacific appeals from all of said orders.[2]

Pacific makes two decisive points. ▉ It urges that even if the stipulation under attack is valid, there is no finding of concurrent negligence on the part of Myers Bros. which proximately contributed to the injuries and no evidence in the record to support such a finding, and that it is therefore entitled to a lien of $5,855.40 against Harness' judgment. Respondent asserts there is such a finding, since the reduced judgment indicates an implicit assumption making the finding complete. Respondent argues that even though the finding as recited is defective, that it is clear from what the court said in its instructions to the jury, that it implicitly found that the unsafe place contributed concurrently and proximately to plaintiff's injuries. ▉ Pacific's second point is that even if there were a complete and valid finding, such finding must be set aside because the trial judge expressly made it as a result of a misconstrued stipulation and stated that it could not so find absent the stipulation.

▉ As already pointed out the finding attacked is: "That at the time he received the injuries giving rise to this litigation plaintiff was working in an unsafe place."

---

[2] Plaintiff William M. Harness has also filed a notice of appeal from the judgment and order reducing the judgment. We consider this appeal abandoned in light of appellant Harness' failure to file any brief or raise any contentions on appeal.

In its instructions on this subject to the jury, the court correctly stated the law when it advised the jury that it must find that plaintiff was working in an unsafe place and that such unsafe place was a concurrent proximate cause of plaintiff's injuries, before it could conclude that Myers Bros. was negligent.

In *Witt* v. *Jackson, supra,* 57 Cal.2d 57, 69-73, the court held that an employer, or his compensation carrier, seeking the recovery of workmen's compensation paid to the employee by the imposition of a lien under Labor Code, section 3856, cannot do so where it is found that the concurrent negligence of the employer contributed to the employee's injuries. (See Note, 50 Cal.L.Rev. 571.)

It is clear that to sustain the order reducing the judgment, the finding must recite if there is substantial evidence to support it, that the negligence of Myers Bros. was not only concurrent, but that it contributed proximately to the injuries suffered by plaintiff.

Respondent relies on the stipulation and argues that there was conflicting evidence on the issue of Myers Bros.' negligence and that well established rules of appellate review forbid this court from drawing conclusions contrary to those drawn by the trial court.

We have indicated that the finding as made is insufficient. Whether the finding as made is supported by the evidence and whether the insufficiency of the finding if cured, can be supported by substantial evidence, are questions of fact for the trial court.

We feel that we should not pass upon the sufficiency of the evidence to sustain a finding cured by the implicit assumption respondent argues we should include, not alone because we consider that in the first instance it is the province of the trial judge to make such finding, but also because we do not know what the trial judge would find.

We are of the opinion too that Pacific's attorney in making a stipulation that the trial court could find negligence or lack of it from the record acted properly. However, the stipulation as construed by the court was one which Pacific's attorney had no authority to make.

We do not doubt the propriety of a stipulation which permits a court instead of a jury to decide whether Myers Bros. was guilty of concurrent negligence proximately contributing to plaintiff's injuries. We question the stipulation

only as it appears to have been understood—and acted upon—with the apparent acquiescence of ̖ all counsel, to wit: that the court could find negligence of Myers Bros. by virtue of a stipulation to make much a finding and irrespective of the record.

The right of an attorney to stipulate in furtherance of his client's cause, whether substantively or adjectively is fundamental to the attorney's authority in the attorney-client relationship. (46 Cal.Jur.2d 4-8; 6 Cal.Jur.2d 345-346; 1 Witkin, Cal. Procedure (1954) 66-69.) Equally fundamental to this authority is the qualification that the attorney does not have the right to stipulate away the client's substantial rights or sole interest in the litigation. (*Price* v. *McComish,* 22 Cal.App.2d 92, 97, 98 [70 P.2d 978] (reviewing the authorities) ; *Fresno City High School Dist.* v. *Dillon,* 34 Cal.App.2d 636, 644-646 [94 P.2d 86] ; *Ross* v. *Ross,* 120 Cal.App.2d 70, 74 [260 P.2d 652] ; *Duffy* v. *Griffith Co.,* 206 Cal.App.2d 780, 789 [24 Cal.Rptr. 161] ; cf. *Gagnon Co., Inc.* v. *Nevada Desert Inn, Inc.,* 45 Cal.2d 448, 459, 460 [289 P.2d 466].)

The effect of the stipulation at bench as construed and acted upon was to dispose of appellant's sole interest in the litigation: its lien rights. This was outside the authority of appellant's counsel. The stipulation as originally offered by Mr. Morgan and as apparently agreed to ". . . to submit the case to the court on the evidence adduced in this trial" is a proper stipulation.

The orders refusing to vacate the finding, reducing judgment in favor of respondent, and denying appellant's application for a first lien, are reversed, and the court is instructed to make a finding from the record, if such a finding is advised in respect of the negligence of Myers Bros. and its proximate contribution as to the injuries suffered by plaintiff in accordance with the stipulation to so find as originally stated by respondent's counsel, and to thereafter make an order reducing judgment in favor of respondent or an order allowing appellant's lien as the evidence dictates. All other orders are affirmed.

Appellant Harness' appeal from the judgment and order reducing judgment is dismissed.

Herndon, J., and Fleming, J., concurred.