[Civ. No. 685. Fifth Dist. Dec. 1, 1966.]

ROSCOE MOSS COMPANY, Plaintiff and Respondent, v. ANTHONY M. ROGGERO et al., Defendants and Appellants.

---

*Assigned by the Chairman of the Judicial Council.

Don C. Mayes for Defendants and Appellants.

Griswold & Barrett and George C. Barrett for Plaintiff and Respondent.

CONLEY, P. J.—Defendants appeal from what the trial court termed a ''summary judgment,'' which was granted following an expression of viewpoints by counsel for the several parties at a pretrial conference, in total disregard of the procedural requirements for securing such a judgment as established by section 437c of the Code of Civil Procedure.

The plaintiff sued the defendants for $1,424.59 as the alleged reasonable market value of materials for a well, including casing, a starter, and shoe, and to foreclose a mechanic's lien in that basic amount on the real property of defendants. In their answer, the defendants averred that the material delivered was not of good quality; that it was not uniform; and that there were defects in some sections of the casing, so that it was bent by the driller when it was used, causing the casing to collapse; defendants denied that they owed plaintiff any sum; they filed a cross-complaint and also a cross-complaint against William R. Branch, the well driller, and Merrill Pump and Machine Works, in a second suit, claiming that, because of

the defective material furnished by the plaintiffs and negligence on the part of those interested in installing the well, they were substantially damaged. A motion for consolidation of the two cases was granted and a pretrial conference held.

At the conference, in the chambers of the judge presiding, Roscoe Moss Company made an oral motion for summary judgment as to appellants; it was granted by the court. In a formal "Order Granting Motion for Summary Judgment," the court ordered that the answer and cross-complaint filed by the defendants herein be stricken and that judgment be entered in favor of plaintiff and against the defendants.

The pretrial conference order states: "At the time of the Pre-Trial Conference, Mr. Barrett made a motion for summary judgment on the part of Roscoe Moss Company and after discussion in chambers, Mr. Mayes stipulated that the *evidence against Roscoe Moss was very meager indeed and thought that the summary judgment in favor of Roscoe Moss should be granted.* Accordingly, the Court grants Roscoe Moss Company's petition for summary judgment.

"In view of the foregoing granting of summary judgment, Roscoe Moss And Company are no longer in this particular case and the action will continue in No. 33520 together with the cross-complaint filed by the Roggero's against the Merril Pump and Machine Works and William R. Branch." (Italics added.)

The judgment, as signed by the judge and filed, recites: "The plaintiff duly made a Motion for Summary Judgment herein and the Court did on December 5, 1965, enter its Order Granting Motion For Summary Judgment." The judgment continues to the effect that the cross-complainants take nothing by reason of their cross-complaint; that the plaintiff shall have a lien upon the real property of defendants for the sum of $1,424.59 principal, and $183.66 interest, and that the property be sold to effect payment thereof.

The judgment was filed on February 7, 1966. On March 16, 1966, the defendants served a notice of motion to vacate the judgment on the grounds that the judgment was void in that no notice in writing was given of any hearing on any motion for summary judgment, no affidavit in support of any such motion was ever served or filed, and no hearing in open court was held on any motion for summary judgment; further, that there are triable issues of fact to be determined in the case as set out in the answer and cross-complaint, including the question whether plaintiff furnished casing of merchantable

quality reasonably fit for the type of well which was drilled. The authorities cited in support of the motion included section 437c of the Code of Civil Procedure, setting forth the required statutory procedure needed to secure a summary judgment. Declarations in support of the motion to vacate the judgment were made by Anthony M. Roggero and also by his attorney. Mr. Roggero stated: "That I did not receive any notice of any hearing on any motion for a Summary Judgment herein. If I had such notice I would have been able to have prepared a Counter Affidavite [sic] opposing such motion which would show that plaintiff Roscoe Moss Co., did represent to me that well casing furnished to me was good and proper for the purpose needed, but I have since discovered that the type furnished was different from, and inferior to that actually recommended in printed specifications by the plaintiff Roscoe Moss Company, and if the printed recommendations had been followed I am informed and believe my well would not have been a failure."

The court denied the motion to vacate the judgment, and a notice of appeal from the judgment was filed in due time.

Section 437c of the Code of Civil Procedure requires that when it is claimed that an action has no merit or that a plaintiff believes that there is no defense to an action, a notice of motion for a summary judgment may be given by one side to the other at least 10 days before the time fixed for the hearing ". . . supported by affidavit of any person or persons having knowledge of the facts." Upon a proper showing, the answer may be stricken, or the complaint dismissed and judgment entered for the prevailing party unless the person justifying the pleading ". . . by affidavit or affidavits shall show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact."

It is obvious that the procedural requirements of this section were ignored; no proper notice of such a hearing was given and no affidavits, or declarations, establishing facts, were filed. Thus, there was no justification for the entry of a summary judgment unless, because of unusual factors not contemplated by section 437c of the Code of Civil Procedure, the defendants are estopped to question the result. Basically, the respondent argues that a deposition of the defendant Roggero, which was called to the attention of the court at the hearing, did not show positively that he had a valid defense, and that the defense attorney, by stating that the defendants had little evidence and that he thought a summary judgment

in favor of Roscoe Moss should be granted, constituted in effect a stipulation for the entry of such a judgment; respondent, consequently, urges that the defendants and cross-complainants are estopped from objecting to the judgment against them.

There is no reporter's transcript in this case and none is procurable, because the oral motion for summary judgment was not made in open court, or with a reporter present, but informally in the chambers of the judge who was conducting the pretrial conference. The attorney for the defendants is adamant in his assurance that he did not stipulate, or intend to stipulate, that a summary judgment against his clients should be awarded at that time. He states very frankly that he did say that there was little evidence in favor of the claims of his clients and that he also indicated that if a future application for summary judgment were made in proper fashion he would be inclined not to oppose it.

The appellants made three sound points in opposition to the contention of respondent that they are estopped, as follows:

■ 1) Analyzing literally the language of the judge in the pretrial conference order, namely, ''At the time of the Pre-Trial Conference, Mr. Barrett *made a motion for summary judgment* on the part of Roscoe Moss Company and *after discussion in chambers, Mr. Mayes stipulated that the evidence against Roscoe Moss was very meager indeed and thought that the summary judgment in favor of Roscoe Moss should be granted.* Accordingly, the Court grants Roscoe Moss Company's petition for summary judgment,'' (italics added) it will be noted that the judge did not say that Mr. Mayes actually stipulated for the immediate entry of judgment; Mr. Mayes contends that when he is quoted as saying he thought the summary judgment should be granted his language had only a prospective meaning and referred to the possibility of a future correct application for a summary judgment according to the specific method prescribed by section 437c of the Code of Civil Procedure; he argues that, particularly in view of the evidence which could have been given on behalf of the defendants, as later learned by Mr. Mayes from his clients, no summary judgment could possibly have been ordered by the court upon a full showing relative to the existence of issues clearly posed by the pleadings themselves.

■ 2) The so-called ''stipulation'' was not made in open court and entered in the minutes of the court, and it was not in writing, and, therefore, under the requirements of section

283, subdivision 1, of the Code of Civil Procedure, such talk would have been of no effect as a stipulation. (*Harrold* v. *Harrold*, 100 Cal.App.2d 601 [224 P.2d 66]; *Price* v. *McComish*, 22 Cal.App.2d 92 [70 P.2d 978]; *Beckett* v. *City of Paris Dry Goods Co.*, 26 Cal.App.2d 295 [79 P.2d 178].) While the meaning of the rule enunciated in the code section is not so unbending that a stipulation made in open court, if in the presence of the client and without objection by him, cannot be recognized (*Harris* v. *Spinali Auto Sales, Inc.*, 240 Cal.App. 2d 447, 454-456 [49 Cal.Rptr. 610]), its general purpose is to insure that a stipulation must be properly understood and evidenced, and the denomination of the conversation of the attorney for the defendants at the pretrial conference as a "stipulation" is out of line with the requirements of the quoted code section. This is particularly true in view of rule 211, subdivision (d), California Rules of Court (Pretrial and Trial Rules), which provides: "The pretrial conference, or any part thereof, other than the pretrial conference order as filed, shall not be referred to at the trial or used other than in proceedings to correct or modify such order, to interpret such order, or on appeal pursuant to rule 218."

3) It is contended that even if there had been an actual stipulation for the entry of judgment, the attorney for the defendants could not so destroy their rights without their consent. While an attorney has broad authority to enter into stipulations relative to the conduct of a case, this right does not extend to waiving a client's cause of action, or defense, without authority on the part of the client. The rule is sometimes expressed as follows: "The general authority of the attorney vests him 'with complete charge and supervision of the procedure to be adopted, the conduct of the trial and all cognate subjects, provided only the attorney does not impair, compromise, or destroy his client's cause of action or subject matter of the litigation without his client's consent.' (*Witaschek* v. *Witaschek*, 56 Cal.App.2d 277, 283 [132 P.2d 600]." (*Fowlkes* v. *Ingraham*, 81 Cal.App.2d 745, 746-747 [185 P.2d 379].)

In *Ross* v. *Ross*, 120 Cal.App.2d 70, 74 [260 P.2d 652], it is said: "It is next contended that the respondent could not repudiate the stipulation made by her attorney of record. It is argued that a party is bound to leave the management and control of a case to his attorney and can only be heard through that attorney, citing *Crescent Canal Co.* v. *Montgomery*, 124 Cal. 134 [56 P. 797]; and that there is nothing to show any

fraud, mistake, surprise or excusable neglect in connection with this stipulation. Conceding the general rule, it seems obvious that it should not be applied to the extent here contended for. While an attorney has a broad authority in many matters affecting the managing and control of a case, we know of no established rule of law which requires the denial of any relief where the attorney, without the knowledge or consent of the client, has stipulated away the client's entire case, including any defense to a cross-complaint.''

In 6 California Jurisprudence, Second Edition, Attorneys at Law, section 158, page 346, the general rule is thus stated: ''. . . an attorney's stipulation involving a disposition of his client's property is not binding on the client, in the absence of specific authorization, or where the specific authorization is not given in a valid form. He is not authorized to waive the rights of the client by stipulating to a construction of the legal effect of an instrument, or to impair by stipulation the rights of his client as to the subject matter of the litigation.'' (See also *People* v. *Davis,* 48 Cal.2d 241, 256 [309 P.2d 1]; *Hoagland* v. *Chargin,* 134 Cal.App.2d 466, 474 [286 P.2d 931]; *Redsted* v. *Weiss,* 71 Cal.App.2d 660, 663 [163 P.2d 105]; *Gagnon Co., Inc.* v. *Nevada Desert Inn, Inc.,* 45 Cal.2d 448, 460 [289 P.2d 466]; *Zurich General Acc. & Liab. Ins. Co.* v. *Kinsler,* 12 Cal.2d 98, 105 [81 P.2d 913]; *Price* v. *McComish, supra,* 22 Cal.App.2d 92, 96-99; *Ryan* v. *Tomlinson,* 31 Cal. 11, 17; *Harness* v. *Pacific Curtainwall Co.,* 235 Cal.App.2d 485, 491 [45 Cal.Rptr. 454].)

It is obvious that if the conversation of the attorney for the defendants at the pretrial conference should be considered to be a stipulation for the entry of a ''summary judgment,'' the attorney, in the absence of consent by his clients, would have had no right to give away in this fashion the basic rights of the parties represented by him; such a stipulation, in the circumstances, would have been void and of no effect. ▪▪ We believe that the so-called ''summary judgment'' is erroneous and without legal justification.

The judgment is reversed.

Stone, J., and Gargano, J., concurred.