Filed 12/6/13  Raglin v. Dorton CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| SHERRELL RAGLIN, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> FRED D. DORTON, JR., <br><br> Defendant and Appellant. | B242877 <br><br> (Los Angeles County <br> Super. Ct. No. NF 004132) <br><br> **ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING** <br><br> **NO CHANGE IN JUDGMENT** |

THE COURT*:

The opinion filed November 6, 2013, in the above-entitled matter is modified in the following manner:

The text in footnote 5 on page 7 is deleted and replaced with the following text:

Code of Civil Procedure section 473, subdivision (d) states:  "The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order."

There is no change in judgment.

Appellant's petition for rehearing is denied.

_____

* BIGELOW, P.J.                    FLIER, J.                    GRIMES, J.

Filed 11/6/13  Raglin v. Dorton CA2/8 (unmodified version)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| SHERRELL RAGLIN,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FRED D. DORTON, JR.,<br><br>    Defendant and Appellant. | B242877<br><br>(Los Angeles County<br>Super. Ct. No. NF 004132) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Scott M. Gordon, Judge, and Lloyd C. Loomis, Commissioner.  Dismissed.

Fred D. Dorton, in pro. per.; the Dorton Firm and Sana Z. Shah for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \*

Appellant Fred D. Dorton[1] purports to appeal several orders in this child support proceeding.  Because we lack jurisdiction, we dismiss.

## BACKGROUND

This case has its genesis in an order for child support in effect against appellant since November 15, 2002.  This appeal concerns discovery and other proceedings related to an order to show cause (OSC) re modification of child support filed on April 28, 2011, by respondent Sherrell Raglin.  On June 9, 2011, respondent propounded a first set of interrogatories and requests for production related to the OSC.  Appellant responded to those requests on July 6, 2011.  On August 22, 2011, respondent propounded a second set of interrogatories and requests for production on appellant.  Appellant responded to those requests on September 21, 2011.  Following several meet-and-confer letters, on November 10, 2011, respondent filed a motion to compel discovery responses to her second set of requests and for sanctions and attorney fees because appellant had responded to discovery only with boilerplate objections and had failed to produce any discovery.  Respondent set the motion for hearing on December 20, 2011.

In the meantime, on September 2, 2011, appellant filed a demurrer to the OSC.  Then-Commissioner Lloyd C. Loomis overruled the demurrer on October 24, 2011, ordered the parties to file updated income and expense declarations, and set the next hearing on the OSC for November 17, 2011.  At that November 17, 2011 hearing, the court continued the matter to December 20, 2011, to coincide with the pending motion to compel and ordered the parties to meet and confer to address the discovery issues, which they did on December 2, 2011, but reached no resolution.

On December 7, 2011, appellant filed an opposition to the motion to compel, a request for sanctions and attorney fees against respondent, and an opposition to the OSC.  The court held a hearing on the motion to compel on December 20, 2011, and on January 3, 2012, issued an order granting the motion and directing appellant to comply

---

[1]     Appellant is an attorney.  He represents himself in this appeal, along with another attorney, Sana Z. Shah, and the law firm The Dorton Firm.

with Superior Court of Los Angeles County, Local Rules, rule 5.9 regarding the production of financial declarations and supporting documents and to produce tax returns for tax years 2009 and 2010 by February 14, 2012. The court set the next hearing on the OSC for March 9, 2012, along with an order to show cause why it should not order appellant to pay $3,000 in attorney fees to respondent pursuant to Family Code section 271.

Appellant filed a motion to reconsider the January 3, 2012 order on January 17, 2012, which was heard at the March 9, 2012 hearing. During the hearing, appellant challenged Commissioner Loomis's impartiality for failing to grant appellant a continuance to obtain a transcript of a prior hearing. In an order filed March 15, 2012, Commissioner Loomis denied appellant's motion to reconsider and overruled appellant's objection to him deciding the matter. The court also ordered respondent to file a declaration for attorney fees related to the motion to reconsider and to file a motion requesting default for appellant's failure to comply with discovery. It does not appear from the record the court imposed fees for the motion to reconsider, however.

On March 20, 2012, the court issued "Findings and Recommendation of Commissioner," ordering appellant to pay $3,000 in attorney fees related to the January 3, 2012 order granting the motion to compel, and on April 6, 2012, supplemented the findings to order the Los Angeles County Child Support Services Department (CSSD) to obtain appellant's income tax returns from the Franchise Tax Board for tax years 2009 through 2011. On April 17, 2012, Superior Court Judge Scott M. Gordon affirmed those orders.

On May 25, 2012, appellant filed an application with a supporting declaration to disqualify Commissioner Loomis pursuant to Code of Civil Procedure section 170.1, subdivision (a)(6),[2] which Commissioner Loomis struck on May 29, 2012. The court

---

[2] That provision states, "(a) A judge shall be disqualified if any one or more of the following are true: [¶] . . . [¶] (6)(A) For any reason: [¶] (i) The judge believes his or her recusal would further the interests of justice. [¶] (ii) The judge believes there is a substantial doubt as to his or her capacity to be impartial. [¶] (iii) A person aware of the

3

noted the order was not appealable and may only be reviewed by a writ of mandate sought within 10 days of notice of the order.

At the hearing on the application, the court continued the hearing on the OSC to July 9, 2012. At that hearing, due to a misunderstanding, respondent's attorney did not appear and, over appellant's objection, the court continued the matter to July 18, 2012. On the morning of July 18, 2012, appellant filed an updated income and expense report and objections to the continuance. At the hearing, the court ordered appellant to produce the tax returns for his C Corporation for the tax years 2010 and 2011 to be delivered to the court by noon on Friday, July 20, 2012, and ordered appellant to comply with the court's prior order to produce documents by August 17, 2012.

The next day, July 19, 2012, appellant filed his notice of appeal. It stated he was appealing from the orders dated "4/12, 3/12, 10/11," which he described as "Family Law Orders After Hearing -- CCP 473(d), voidable orders common law cases." Based upon the notice of appeal, he filed a notice of stay of proceedings on July 20, 2012, claiming all proceedings were automatically stayed because he had appealed.

On July 27, 2012, Commissioner Loomis issued recommended findings and orders, noting appellant failed to produce the tax returns for his law corporation by July 20, 2012, and instead filed the notice of appeal and automatic stay. Commissioner Loomis found the stay ineffective because it did not comply with the California Rules of Court and because the notice of appeal did not refer to the January 3, 2012 order. Commissioner Loomis also ordered appellant to comply with the court's January 3, 2012 order by September 14, 2012, at the risk of contempt proceedings; ordered the CSSD to determine if appellant was current on his child support payments, and if not, to enforce the support order by notifying the Department of Motor Vehicles and the State Bar of California; ordered respondent's attorney to file a request for attorney fees for all services

facts might reasonably entertain a doubt that the judge would be able to be impartial. [¶] (B) Bias or prejudice toward a lawyer in the proceeding may be grounds for disqualification." (Code Civ. Proc., § 170.1, subd. (a)(6).)

4

since the last order for attorney fees; and ordered the CSSD to request appellant's federal and state tax returns for tax years 2009-2011 from the appropriate taxing authorities. Appellant filed objections to the July 27, 2012 order on August 2, 2012. In an August 20, 2012 minute order, Judge Gordon incorrectly noted no objections to the July 27, 2012 order had been filed, and affirmed and adopted Commissioner Loomis's findings and recommendations. Pointing out Judge Gordon's mistake, appellant filed a motion to reconsider that order on August 30, 2012. Judge Gordon granted the motion on October 1, 2012, and set the matter for a trial de novo on October 24, 2012.

Commissioner Loomis held a hearing on the OSC on September 14, 2012, over appellant's objections and issued a support order on September 18, 2012, awarding $1,535 per month for the period between May 1, 2011, and May 31, 2012; and $1,435 per month beginning June 1, 2012. Commissioner Loomis found respondent's evidence credible and rejected appellant's evidence, noting the Franchise Tax Board reported no record of tax returns filed by appellant and questioning whether an undated 2010 federal tax return submitted by appellant was ever filed. Based on respondent's submission, Commissioner Loomis imputed a monthly income to appellant of $13,000. Judge Gordon took that matter under submission on October 24, 2012.

Appellant then filed an ex parte application on November 20, 2012, claiming the September 18, 2012 support order violated local rules and requesting an order releasing his license to practice law, based upon correspondence from the State Bar and an order from the California Supreme Court that his license would be suspended on November 26, 2012 for his failure to comply with his child support obligations. Commissioner Loomis denied the application.

On December 18, 2012, Judge Gordon ruled on the pending matters. He noted appellant had filed objections to the July 27, 2012 order involving the January 3, 2012 order and the September 18, 2012 support order, and found appellant's objections without merit: "The subject Recommended Findings dealt with [appellant's] non-compliance with order made on January 3, 2012. The [appellant's] objections to those orders were heard and adjudicat[ed] April 17, 2012. The Court finds that the [appellant] has not

complied with the discovery and disclosure orders made on January 3, 2012, and no legal grounds exist for his non-compliance." As a result, Judge Gordon affirmed and adopted the orders issued by Commissioner Loomis.

## DISCUSSION

Appellant advances a host of challenges to the orders issued by Commissioner Loomis and Judge Gordon, but we cannot review them because we lack jurisdiction over this appeal.[3] Appellant states in his opening brief Judge Gordon's December 18, 2012 order "was the final order for purposes of the present appeal."[4] He is correct the December 18, 2012 order modifying appellant's child support obligation was an appealable order. (Code Civ. Proc., § 904.1, subd. (a)(2); *In re Marriage of Zimmerman* (2010) 183 Cal.App.4th 900, 906; *County of Los Angeles v. Patrick* (1992) 11 Cal.App.4th 1246, 1250.) But he did not file a notice of appeal of that order; instead, he filed his notice of appeal on July 19, 2012, nearly five months earlier, identifying three prior orders.

California Rules of Court, rule 8.104(d) permits us to entertain a premature notice of appeal in only two circumstances: "(1) A notice of appeal filed after judgment is rendered but before it is entered is valid and is treated as filed immediately after entry of judgment. [¶] (2) The reviewing court may treat a notice of appeal filed after the superior court has announced its intended ruling, but before it has rendered judgment, as filed immediately after entry of judgment." Appellant's notice of appeal does not fall

---

[3] We requested and appellant filed a supplemental letter brief on the jurisdictional issue.

[4] We note appellant's statement of appealability in his opening brief violated rule 8.204(a)(2)(B) of the California Rules of Court, which requires the opening brief to "[s]tate that the judgment appealed from is final, or explain why the order appealed from is appealable." His statement provides in full: "The present appeal is from the judgment of the Superior Court of Los Angeles County in the State of California. [Citation to notice of appeal.] This appeal is authorized by and made pursuant to Cal. Code Civ. Proc. § 904.1(a)(1). This appeal should be reviewed on a *de novo and abuse of discretion* standard." (Original italics.)

into either category because it was filed months before Judge Gordon rendered a decision or even announced a ruling on respondent's OSC to modify child support. (*First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 960-961 (*First American*) [refusing to treat notice of appeal from orders entering default and denying motion to set aside entry of default as timely because they were filed four months before default judgment was entered and before the default prove-up occurred].) Thus, we may not treat appellant's July 19, 2012 notice of appeal as a premature appeal of the December 18, 2012 order.

We are left to consider whether appellant's notice of appeal nevertheless conferred jurisdiction over the orders he identified in his notice. Appellant's notice included three partial dates for orders, "4/12, 3/12, 10/11," which the notice described as "Family Law Orders After Hearing -- CCP 473(d),[5] voidable orders common law cases." It appears appellant attempts to appeal the following orders: (1) the October 24, 2011 order in which the court overruled his demurrer and ordered the parties to update their income and expense reports; (2) either the March 15, 2012 order denying his motion to reconsider the January 3, 2012 order granting respondent's motion to compel discovery, or the March 20, 2012 order requiring appellant to pay $3,000 in attorney fees pursuant to Family Code section 271 related to the January 3, 2012 order, or both; and (3) the April 17, 2012 order by Judge Gordon affirming and adopting Commissioner Loomis's March 20, 2012 order on attorney fees.[6]

Even if we assume these orders were appealable, appellant's July 19, 2012 notice was untimely as to all of them. The notice of appeal had to be filed at the earliest of:

---

**5** Appellant does not explain the significance of this citation and we can find none. Code of Civil Procedure section 473, subdivision (d) allows a court to correct clerical mistakes in judgments or orders, but appellant has not identified any clerical mistakes he seeks to have corrected.

**6** In his supplemental brief, appellant claims the reference to the March 20, 2012 order in the April 17, 2012 order was incorrect because that order did not exist and the reference should have been to the March 15, 2012 order. This discrepancy is immaterial to our resolution of appellant's appeal.

"(A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was served;  [¶]  (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or [¶]  (C) 180 days after entry of judgment."  (Cal. Rules of Court, rule 8.104(a)(1).)  These deadlines apply to appealable orders as well.  (Rule 8.104(e).)

The record does not indicate when appellant was served with the October 24, 2011 order, but even applying the longest deadline -- 180 days after entry of that order -- the time to appeal expired on Monday, April 23, 2012.[7]

The clerk mailed a file-stamped copy of the January 3, 2012 order on January 6, 2012, so the 60-day deadline expired on Monday, March 5, 2012.  (Code Civ. Proc., §§ 12, 12a.)

The March 15, 2012 order denied appellant's motion pursuant to Code of Civil Procedure section 1008, subdivision (a), and when a party files a motion to reconsider an appealable order pursuant to that section, the deadline to file the notice of appeal is the earliest of "(1) 30 days after the superior court clerk, or a party serves an order denying the motion or a notice of entry of that order;  [¶]  (2) 90 days after the first motion to reconsider is filed; or  [¶]  (3) 180 days after the entry of the appealable order."  (Cal. Rules of Court, rule 8.108(e).)  The record does not indicate when this order was mailed, but appellant filed the motion to reconsider on January 17, 2012, and applying the 90-day deadline, the last day to appeal was Monday, April 16, 2012.

The clerk mailed a file-stamped copy of the March 20, 2012 order on March 21, 2012, so the 60-day deadline expired on Monday, May 21, 2012.  (Code Civ. Proc., §§ 12, 12a.)

---

[7]     The 180-deadline expired on Saturday, April 21, 2012, but because it fell on a Saturday, appellant had until the following Monday to file his notice of appeal.  (Code Civ. Proc., §§ 12, 12a.)

Finally, the clerk mailed a notice of entry of the April 17, 2012 order on the same day, so the 60-day deadline expired on Monday, June 18, 2012. (Code Civ. Proc., §§ 12, 12a.)

In his supplemental brief, appellant also identifies several orders entered after he filed his notice of appeal, including Commissioner Loomis's July 27, 2012 recommended findings and orders rejecting appellant's argument the matter was stayed pending appeal and requiring him to comply with the January 3, 2012 order; Judge Gordon's August 20, 2012 minute order affirming and adopting Commissioner Loomis's July 27, 2012 order; and Commissioner Loomis's September 18, 2012 support order.[8] To the extent these orders were appealable, appellant did not file a notice of appeal as to them and we lack jurisdiction to review them. (*Sears, Roebuck & Co. v. National Union Fire Ins. Co. of Pittsburgh* (2005) 131 Cal.App.4th 1342, 1352 [dismissing appeal as to appealable order entered after notice of appeal was filed but for which no separate notice of appeal was filed].) And for the reasons discussed above, we cannot treat his notice of appeal as a premature appeal of any of these orders. (*First American, supra*, 108 Cal.App.4th at pp. 960-961.)

Appellant argues in his supplemental brief that all of the orders were appealable at any time because they were void on various grounds. However, the errors he identifies would have made the orders at most voidable, which must be timely challenged. (*County of Los Angeles v. Harco National Ins. Co.* (2006) 144 Cal.App.4th 656, 661-662; see also *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660-661.) For instance, respondent's attorney's alleged failure to file a substitution of attorney pursuant to Code of Civil Procedure section 285 is a procedural error that does not deprive the trial court of authority to issue orders or judgments. (*In re Marriage of Warner* (1974) 38 Cal.App.3d 714, 720; *Ross v. Ross* (1953) 120 Cal.App.2d 70, 73-74.) The same is true

---

[8] He also identifies a September 30, 2011 order, but he did not provide a citation to the record. Even so, the 180-day deadline to appeal that order expired long before he filed his notice of appeal.

for appellant's attorney's unauthorized signing of the motion to compel under Code of Civil Procedure section 128.7. Commissioner Loomis's alleged statutory disqualification for bias rendered any orders merely voidable and subject to challenge only on timely writ review pursuant to Code of Civil Procedure section 170.3, subdivision (d). (*People v. Barrera* (1999) 70 Cal.App.4th 541, 549-550; see also *PBA, LLC v. KPOD, Ltd.* (2003) 112 Cal.App.4th 965, 970-971; *Roth v. Parker* (1997) 57 Cal.App.4th 542, 548 (*Roth*); *Betz v. Pankow* (1993) 16 Cal.App.4th 931, 939.)[9] Finally, the trial court could not have violated the automatic stay in Code of Civil Procedure section 916, subdivision (a) after appellant filed his notice of appeal because that section only divests the trial court of jurisdiction upon "the perfecting of an appeal," and as demonstrated above, appellant failed to perfect his appeal. (*Pazderka v. Caballeros Dimas Alang, Inc.* (1998) 62 Cal.App.4th 658, 666.)

## DISPOSITION

The appeal is dismissed. Because no respondent has entered an appearance in this matter, we decline to award costs on appeal.



FLIER, J.

WE CONCUR:



BIGELOW, P. J.                    GRIMES, J.

---

[9]      While Code of Civil Procedure section 170.3, subdivision (d) does not bar direct appeal of a nonstatutory due process challenge to a judge's bias, appellant forfeited the claim by failing to seek timely writ review, by failing to raise this contention in his application to disqualify, and by only raising it in passing in his opening brief on appeal. (*People v. Brown* (1993) 6 Cal.4th 322, 336; *Roth, supra,* 57 Cal.App.4th at p. 548 [rejecting appeal of nonstatutory due process bias claim for failing to seek writ review and raising the issue in the trial court, and for only raising the issue in the reply brief on appeal].)

10